(No. 21379.—

Gulla Harrison, Defendant in Error, *vs.* Arthur Bingheim, Plaintiff in Error.

*Opinion filed October 22, 1932.*

WILLIAM R. GENTRY, and LOUIS KLINGEL, for plaintiff in error.

P. K. JOHNSON, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff, Gulla Harrison, recovered a judgment for $6000 against the defendant, Arthur Bingheim, in the circuit court of St. Clair county. The action was trespass on the case to recover damages for injuries sustained by the plaintiff resulting from a collision between her automobile and the defendant's automobile. At the conclusion of all of the evidence the defendant entered a motion for a directed verdict in his behalf. This motion was denied. Plaintiff then moved the court to instruct the jury to find the defendant guilty and to assess her damages. This motion was allowed and the jury returned a verdict in favor of plaintiff for the above mentioned sum. The Appellate Court affirmed the judgment, and the defendant brings the case here on *certiorari*.

The collision occurred about 10:30 P. M., September 14, 1930, on East Main street, in the city of Belleville. The street runs east and west and in the vicinity of the accident has business houses on each side. It is forty-four feet wide between the sidewalks and the entire surface is paved. A street car track runs longitudinally in the center. The pavement between and for a foot on the outside of the rails is brick. The rest of the pavement is concrete. The night was rainy. A number of cars were parked along the curbing on both sides of the street. Mrs. Harrison, accompanied by her niece, Amy Jane Harrison, was driving east. According to their testimony they were traveling to

the right of the track at a speed of between fifteen and twenty miles an hour. There is no evidence that Mrs. Harrison deviated from her course at any time prior to the accident. Her injuries were serious and no claim is made that the verdict is excessive.

The defendant was the only witness in his behalf. He testified that he was traveling west twelve miles an hour, about a foot from the north rail; that when he was near one of the J. C. Penny stores a car which had been parked against the curb on the north side of the street suddenly pulled out in front of him without notice or warning; that he blew his horn, put on his brakes, and in order to avoid striking that car he pulled his car into the space occupied by the rails; that he knew the pavement was slippery and that it was dangerous to be on the rails, but he was unable to keep his car from going along them; that as soon as he got upon them he saw the lights of plaintiff's approaching car; that he attempted to turn his car to the right but was unable to get it from the rails until it struck a stone or something hard, which caused the front wheels to veer to the left about a foot, and that the left front of his car collided with the left front of the plaintiff's car. He further testified that he did not think his car and her car could have cleared each other even if his car had not left the rails.

The testimony of Amy Jane Harrison tends to contradict that of the defendant with respect to the course of his car along the track and its sudden veering to the left. She testified that she saw his car turn out of his line of traffic; that "he pointed his machine directly toward us. * * * His machine did not change direction after turning toward us until the collision." However, on motion to direct a verdict for the plaintiff the evidence must be tested in a light most favorable to the defendant.

The defendant urges that he is not liable, because the collision was the result of an unavoidable accident resulting from the veering of his car to the left when he struck some

hard substance. This contention cannot be sustained, because he testified, in substance, that from his position while on the rails the cars could not have cleared even though his car had not veered to the left. A collision would therefore have occurred even if his car had not hit a hard substance. If the position of his car on the rails rendered a collision inevitable, it must be determined whether or not he was guilty of negligence, as a matter of law, in placing his car in the path of the plaintiff. As the driver of a car going west it was his general duty to remain to the right of the center of the street. He was a resident of Belleville and had been a driver of a truck in that city for nine and one-half years. He was acquainted with the street upon which the accident occurred and with the fact that automobiles were frequently parked along its sides. In the exercise of reasonable care he was bound to anticipate that cars so parked might turn into the street. (*Sullivan* v. *Ohlhaver Co.* 291 Ill. 359.) It was his duty to use reasonable care to have his automobile under such control as would enable him to avoid collision with other automobiles, whether parked along the curbing or traveling in the accustomed line of traffic. In the *Ohlhaver case* the plaintiff parked his automobile on the side of a street. He was fixing the tail light. An automobile owned by James Feece was parked to the rear. Feece attempted to pull out into the street, and while doing so his car was struck from behind by a truck belonging to the Ohlhaver Company. The force of the impact drove Feece's car forward against Sullivan's car, crushing Sullivan between them. Sullivan brought suit against the Ohlhaver Company and recovered a judgment, which this court affirmed. We held that the driver of the truck was bound to anticipate that cars parked along the curb might turn into the street, and that it was his duty to keep a proper lookout for them and to use care to have his truck under such control as to enable him to avoid collisions. Under this doctrine it is no less the duty of a

driver to use reasonable care to avoid colliding with a car in its proper line of traffic than to avoid a collision with a car which is pulling out from a parking space. If a driver omitting to use reasonable care in the control of his automobile and about to collide with another suddenly changes his course and collides with a car traveling in its proper place he cannot escape liability for striking the latter car. Here the center line of the street was midway between the street car track. The defendant's testimony shows that his car was traveling astride this line and that the plaintiff's car was south of it. Her car was where it should have been. It was his duty to anticipate that cars would withdraw from the parking space and that cars would be going east on the opposite side of the street. It was his further duty to use reasonable care not to collide with either. The undisputed evidence shows that he ignored both duties.

The defendant contends that the plaintiff was guilty of contributory negligence because she did not turn to her right and give him room to pass. The evidence furnishes no basis for this contention. She was on the south side of the street, where it was her duty to be. She was going along the line in which other vehicles were traveling. The defendant's car suddenly turned into her path. She testified that she did not notice it until the instant of the collision. Her niece testified that when the defendant turned out of his line of traffic he was not over ten feet from them. He testified that he did not see the plaintiff's car until he was about that distance away. There is no testimony in the record which even remotely tends to show contributory negligence on the part of the plaintiff.

The circuit court correctly directed a verdict against the defendant. There was nothing left to submit to the jury except the question of damages, and that was done. The Appellate Court properly affirmed the judgment of the trial court. The judgment of the Appellate Court is therefore affirmed by this court.  , *Judgment affirmed.*