Minnie Fina, Administratrix of the Estate of Edward Fina, Deceased, Appellant, v. Guy Richardson et al., Trading as Chicago Surface Lines, Appellees.

Gen. No. 39,572.

Opinion filed December 15, 1937.   Rehearing denied December 28, 1937.

BEN A. STEWART, of Chicago, for appellant.

FRANK L. KRIETE, CHARLES E. GREEN and ARTHUR J. DONOVAN, all of Chicago, for appellees; JOHN R. GUILLIAMS, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This appeal is from a judgment entered for costs against the plaintiff, notwithstanding that a verdict was rendered by a jury in favor of plaintiff and

against the defendants for $7,500, which the court set aside.

Plaintiff, as administratrix of the estate of Edward Fina, deceased, brought this action for the benefit of herself, as the widow, and her children as the next of kin of said deceased, to recover damages from defendants under the Injuries Act, because of the death of said decedent, which it is alleged was due to the wrongful act, neglect or default of said defendants.

A trial was had before a court and jury upon the issues presented by plaintiff's complaint and the answer of the defendants.

At the close of plaintiff's case defendants moved the court to direct the jury to find the defendants not guilty as to the wilful and wanton charges contained in plaintiff's complaint. The motion was sustained and the wilful and wanton charges were withdrawn from the jury's consideration. As to the charges of negligence and carelessness contained in plaintiff's complaint the motions were refused.

At the close of all the evidence defendants renewed their motions to direct the jury to find the defendants not guilty of the charges of negligence as contained in plaintiff's complaint. Upon these motions the court reserved its rulings.

As heretofore stated, the trial resulted in a verdict finding the defendants guilty and assessing plaintiff's damages in the sum of $7,500.

Thereafter defendants filed a motion for a judgment notwithstanding the verdict, and in the alternative for a new trial, and upon the hearing of said motion the court entered a judgment against plaintiff for costs, notwithstanding the verdict of the jury in plaintiff's favor.

Plaintiff's complaint alleges that on September 15, 1935, in the city of Chicago, the decedent was driving a certain Buick automobile in a southerly direction upon and along Wentworth avenue in the south 5700

block thereof; that another automobile, then parked along the west curb of Wentworth avenue, and facing south, without any notice or warning to him, suddenly drove away from said curb in a southeasterly direction directly in front of and into the path of said Buick automobile; that in order to prevent an accident decedent was compelled to and did swerve and drive his Buick automobile upon the west rail of the northbound tracks of the street railway on Wentworth avenue; that defendants were then and there operating an electric trolley or street car upon the northbound rails and that while plaintiff's intestate was in the exercise of due care and caution for his own safety, the defendants by reason of their carelessness and negligence ran said street car upon and against said Buick automobile, whereby plaintiff's intestate sustained injuries which resulted in his death.

In addition to the foregoing charge the complaint also specifically alleged that defendants negligently failed to bring said street car to a stop before striking the Buick automobile; that defendants operated said street car at such a high and excessive rate of speed that they were unable to stop said street car before striking said automobile; that defendants having noticed that plaintiff's intestate was in a position of great danger and in peril of being injured, nevertheless, ran and operated said street car upon and against said Buick automobile; that with a conscious indifference to the surrounding circumstances and conditions, and with a conscious indifference for the safety of plaintiff's intestate, the defendants wilfully and wantonly ran and propelled said street car upon and against said Buick automobile.

Defendants' answer denied all of the material allegations of the plaintiff's complaint.

The evidence taken at the trial tends to show that the accident occurred about 8 o'clock on the evening

of September 15, 1935, on Wentworth avenue between 57th and 58th streets, Chicago, Illinois; that Wentworth avenue runs north and south and that defendants operated a street car line with two tracks running parallel; that Wentworth avenue is a 50 foot street from curb to curb; that the pavement is a combination of brick and asphalt, brick where the car tracks are laid and asphalt from the outer street car rails to the curbing; that the distance from the west rail of the southbound track to the west curb is about 18 or 19 feet; that the distance from one outside rail to the other outside rail is about 15 feet; that the car tracks are practically in the center of the street and that the accident occurred about 125 feet north of 58th street in the center of the street car tracks; that the night of the accident was clear and that there was good artificial lighting and the road was in good condition.

The evidence further shows that on the night of the accident several automobiles were parked along the curb on the west side of Wentworth avenue, facing south; that just prior to the accident plaintiff's decedent was driving his automobile in a southerly direction on the west half of the street, straddling the west rail of the southbound street car tracks and driving approximately 25 or 30 miles an hour; that the headlights of his automobile were lighted; that suddenly an automobile which had been parked at the curb turned out to the left and onto the southbound street car tracks and in front of decedent's Buick; that apparently to avoid hitting said automobile, the decedent turned his Buick to the left and drove upon the rail of the northbound street car track; that at the time a street car was proceeding north on the east rails and the automobile of decedent and the street car collided, which resulted in the death of Edward Fina, the decedent herein mentioned.

The evidence further shows that at the time of the collision, the left front of the street car and the left front portion of the automobile crashed together, damaging the left wheel, the left fender, the left side portion of the hood of the automobile and also damaging the left front portion of the street car; that the force of the impact threw the decedent against the steering wheel in the automobile, injuring him so severely that he died four days later.

The evidence further shows that the person, whose automobile had been parked at the curb and who drove out in front of decedent's automobile, continued on south and disappeared and his name is not mentioned in the record.

The evidence further shows that when the decedent's Buick automobile went on the east side of the street, the street car was from 50 to 60 feet away; that the motorman put on his brakes, sanded the rails and reversed his motor; that at the time of the accident the motorman slowed the street car down to about 5 or 6 miles an hour in the process of stopping; that the automobile was traveling at approximately 20 miles an hour when it came in contact with the street car; that at the time of the impact the automobile was just a little past the center of the street, toward the east side; that after the impact, when both the street car and the automobile were standing still, the front end of the street car was about 15 or 20 feet from the rear end of the automobile.

William Merrick, a witness called on behalf of plaintiff, testified that he was a passenger on the Wentworth avenue street car on the night of the accident; that there was a crash and the applying of brakes, which jerked the car to a stop; that the crash and the applying of brakes came simultaneously or the brakes came afterward; that the street car was moving just before the accident.

Ann Swierske, another witness called in behalf of plaintiff, testified that she also was a passenger on the Wentworth avenue street car the night of the accident and that prior to the accident the car seemed to be going along at the regular rate of speed; that at the time of the screeching of the brakes and the impact she could not say exactly how far the car moved before it came to a full stop; that it seemed to be making an awful effort to stop, but it moved along after the screeching of the brakes, but was trying to stop.

Other witnesses for plaintiff testified that the street car was moving at from 25 to 30 miles an hour and that the street car moved at least 25 feet before coming to a stop after the crash; that the motorman put on his brakes but that he could not stop and that the street car hit the Buick automobile; that the vicinity where the accident happened was a neighborhood of small stores and that there was no traffic on the street.

We have gone very carefully through this record in an endeavor to find out wherein the defendants were guilty of negligence. What did the motorman do or fail to do that could be considered as negligence? The evidence does not sustain the charge of excessive speed. The evidence of plaintiff's witnesses shows that the motorman put on his brakes, reversed his motor, sanded the tracks so that the street car would not slip and made every effort to stop the street car and avoid the collision. No evidence was introduced by plaintiff tending to show how quickly after notice of the impending collision, the street car could have been or should have been stopped by the motorman. The street car, it must be remembered, was on a track and was limited to move in only two directions—forward or backward—and could not be turned aside to avoid the collision.

On the other hand, plaintiff's decedent was driving an automobile and suddenly, in order to avoid crash-

ing into another automobile which had pulled out from the curb and was in front of him, turned his automobile into the path of the oncoming street car. He was traveling along at the rate of 25 or 30 miles an hour south, whilst the street car was traveling north at approximately the same speed. Mathematically, it would take less than a few seconds for the inevitable collision to occur. It could with equal force be said that the automobile ran into the street car instead of the street car ran into the automobile.

Confining ourselves to the motion made at the close of plaintiff's case, to instruct the jury to find defendant not guilty, we note the case of *Harrison v. Bingheim*, 350 Ill. 269, which case is similar to the instant case and the Supreme Court had occasion to determine who was responsible as a matter of law for a collision which occurred under circumstances almost identical to the circumstances in the instant case. In the *Harrison* case, Mrs. Harrison accompanied by her niece was driving east to the right of the track at a speed of 15 to 20 miles an hour; that a number of cars were parked along the curbing on both sides of the street; that defendant's automobile was traveling in the opposite direction on the other side of the street when suddenly an automobile which had been parked at the curb pulled out in front of him and in order to avoid crashing into it he turned his automobile on to the street car tracks; that the street car rails were slippery and that he was unable to keep from going on them; that he saw plaintiff's car coming and attempted to turn his car to the right but was unable to get it from the rails until it struck a stone or something which caused the front wheels to veer to the left and the left front of his car collided with the left front of plaintiff's car, which resulted in injury to plaintiff. Mrs. Harrison brought suit against Bingheim and at the close of the evidence the court directed a verdict against Bingheim

and entered judgment on the verdict in favor of plaintiff. The Appellate Court affirmed the judgment of the trial court and the defendant brought the case before the Supreme Court on certiorari. In affirming the judgment the Supreme Court said at pages 272 and 273: "If the position of his car on the rails rendered a collision inevitable, it must be determined whether or not he was guilty of negligence, as a matter of law, in placing his car in the path of the plaintiff. As the driver of a car going west it was his general duty to remain to the right of the center of the street. He was a resident of Belleville and had been a driver of a truck in that city for nine and one-half years. He was acquainted with the street upon which the accident occurred and with the fact that automobiles were frequently parked along its sides. In the exercise of reasonable care he was bound to anticipate that cars so parked might turn into the street. (*Sullivan v. Ohlhaver Co.,* 291 Ill. 359.) It was his duty to use reasonable care to have his automobile under such control as would enable him to avoid collision with other automobiles, whether parked along the curbing or traveling in the accustomed line of traffic. In the *Ohlhaver case* the plaintiff parked his automobile on the side of a street. He was fixing the tail light. An automobile owned by James Feece was parked to the rear. Feece attempted to put out into the street, and while doing so his car was struck from behind by a truck belonging to the Ohlhaver Company. The force of the impact drove Feece's car forward against Sullivan's car, crushing Sullivan between them. Sullivan brought suit against the Ohlhaver Company and recovered a judgment, which this court affirmed. We held that the driver of the truck was bound to anticipate that cars parked along the curb might turn into the street, and that it was his duty to keep a proper lookout for them and to use care to have his truck under such control

as to enable him to avoid collisions. Under this doctrine it is no less the duty of a driver to use reasonable care to avoid colliding with a car in its proper line of traffic than to avoid a collision with a car which is pulling out from a parking space. If a driver omitting to use reasonable care in the control of his automobile and about to collide with another suddenly changes his course and collides with a car traveling in its proper place he cannot escape liability for striking the latter car. Here the center line of the street was midway between the street car track. The defendant's testimony shows that his car was traveling astride this line and that the plaintiff's car was south of it. Her car was where it should have been. It was his duty to anticipate that cars would withdraw from the parking space and that cars would be going east on the opposite side of the street. It was his further duty to use reasonable care not to collide with either. The undisputed evidence shows that he ignored both duties.

"The defendant contends that plaintiff was guilty of contributory negligence because she did not turn to her right and give him room to pass. The evidence furnishes no basis for this contention. She was on the south side of the street, where it was her duty to be. She was going along the line which other vehicles were traveling. The defendant's car suddenly turned into her path. She testified that she did not notice it until the instant of the collision. Her niece testified that when defendant turned out of his line of traffic he was not over ten feet from them. He testified that he did not see the plaintiff's car until he was about that distance away. There was no testimony in the record which even remotely tends to show contributory negligence on the part of the plaintiff."

In *Calumet Iron & Steel Co. v. Martin,* 115 Ill. 358, the court at page 368, said:

"From the earliest reported case in our Reports, where the question was passed upon, to the present,

time,—a period of more than thirty years,—the general rule has been declared and recognized in opinions announced from time to time, that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety."

In *Hooper v. Adams Express Co.*, 289 Ill. 169, at page 171, it was said: "It is as essential to plaintiff's right to recover to show that deceased was in the exercise of ordinary care for his own safety as to show that the defendant was negligent."

Applying these principles of law as laid down by the Supreme Court, to the actions of plaintiff's decedent, would lead to the following conclusion:

Plaintiff's decedent had been in the automobile business for years and had been a manufacturer of automobile bodies, and was evidently familiar with driving automobiles. He had lived for many years not far distant from the place where the accident occurred and evidently was familiar with the neighborhood. On the night of the accident, while driving his automobile, he suddenly left a section of the roadway where he was legally entitled to be, and turned his automobile to the other side of the street in front of an oncoming street car. We have been unable to discover any negligence which could be attributed to the defendant company. The street car was on the east side of the street where it had a right to be. At the time of the accident the decedent was also on the east side of the street, traveling in the opposite direction, and under the circumstances he should not have been there. It appears to us that the driver of the Buick automobile, plaintiff's decedent, was solely to blame for the collision and its consequences, inasmuch as he should have anticipated that one of the automobiles parked at the curb might pull out in front of him.

As before stated, the trial judge refused at the close of plaintiff's evidence to direct a verdict in favor of defendants as to the negligence charges and upon the motions to instruct for defendants made at the close of all the evidence the court reserved its rulings. The statute provides that a court may reserve his rulings on such motions until the verdict of the jury is returned. The purpose or value of this statutory provision is not instantly apparent, but it vests discretion in the trial court as to when he may pass upon such motions.

We are of the opinion that since there is no evidence which tends to show negligence on the part of the defendants, but on the contrary that the negligence was on the part of plaintiff's decedent, he having placed himself in the path of an oncoming street car under the circumstances described, the motion to direct a verdict at the close of plaintiff's evidence could well have been granted. This decision to reserve the court's decision to instruct the jury for defendant was cured later, however, by the action of the court in entering the judgment of the court *non obstante veredicto*.

For the reasons herein given the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.