Albert Ceeder, Appellant, v. John Kowach, Appellee.

Gen. No. 47,064.

First District, Second Division.
April 15, 1958.
Released for publication May 21, 1958.

Frank J. Mackey, Jr., of Chicago, for appellant.

Berchem, Schwantes & Thuma (Donald N. Berchem, of counsel) for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action with verdict and judgment for defendant. Plaintiff has appealed.

On January 26, 1954, about 3:15 P.M., plaintiff and defendant were driving their automobiles in a northeasterly direction on Ogden Avenue in Chicago. Both cars were in the same lane with defendant ten or fifteen feet to the rear. About one hundred feet west of the Kostner Avenue intersection, both cars were held up momentarily by traffic. When they started again defendant stayed about the same distance to the rear at a speed of ten to fifteen miles per hour. At the Kostner Avenue intersection plaintiff stopped his car for a red light and defendant's car skidded on the wet pavement and the collision resulted.

■ Plaintiff contends that the trial court should have directed a verdict in his favor. There is no claim of plaintiff's contributory negligence but defendant contends the question of his negligence was for the jury. We think defendant was guilty of negligence as a matter of law since it is our opinion that he should have foreseen that plaintiff would probably have to stop for a red light; that traffic on adjoining lanes would prevent turning out of the way of plaintiff's car; that he would have to apply his brakes; that his

car would probably skid on the wet pavement if the brakes were applied too suddenly; and that if he were going too fast or was not far enough behind he would collide with plaintiff's car. The fact that his car skidded into plaintiff's car, even though the pavement was wet, leaves room for no other inference, we think, except that under the circumstances defendant "was driving too fast or following . . . too closely." Kronenberger v. Coca Cola Bottling Co., 324 Ill. App. 519. What other drivers at the time and place were doing is of no consequence. They may have been negligent also (Kronenberger v. Coca Cola Bottling Co., 324 Ill. App. 519) but more fortunate in avoiding consequences.

■ It is on the element of damages that we must disagree with plaintiff on this contention. There was some evidence of personal injuries and property damage introduced in his case, and, therefore, this question was properly submitted to the jury. There was, however, conflicting medical evidence and an issue of fact presented for determination by the jury. We think, therefore, that the court correctly denied the motion for directed verdict.

We need not pass on the contention that the verdict was against the manifest weight of the evidence because we must reverse the judgment on errors in instructing the jury.

■ ■ Defendant's instruction number 1 told the jury that if it believed from a preponderance of the evidence plaintiff was "injured as a result of an accident which occurred without fault either of the plaintiff or of the defendant, or either of them . . . plaintiff cannot recover and you should find the defendant not guilty." On the facts in the case, as we have already indicated, there was nothing to support a theory that the occurrence was unavoidable by defendant or that there was any question of plaintiff's fault. Williams v. Matlin, 328 Ill. App. 645, 649. Plain-

204

tiff had the burden of proving that he was without fault, yet paradoxically the jury could be misled into holding that if he proved this necessary element he could not recover. The instruction is peremptory, is reversibly erroneous and prevented a fair trial for plaintiff.

On remandment the only question which need be submitted to the jury is that of damages. There are no issues upon the elements of plaintiff's due care and defendant's negligence. The jury should be directed accordingly and instructed only as to damages.

Reversed and remanded.

LEWE and MURPHY, JJ., concur.