**Dock THREATT and Francis Smith, Plaintiffs-Appellants,**

**v.**

**UNITED STATES STEEL CORPORATION, Defendant-Appellee.**

**No. 13009.**

United States Court of Appeals Seventh Circuit.

Oct. 20, 1960.

Herbert F. Stride, Chicago, Ill., for appellants.

Robert B. Johnstone, L. H. Vogel, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

HASTINGS, Chief Judge.

Dock Threatt and Francis Smith sued United States Steel Corporation for damages because of personal injuries alleged to have been sustained as the result of an automobile accident in Chicago, Illinois. Jurisdiction was based on diversity of citizenship. There was a trial by jury which returned a verdict finding defendant not guilty as to either plaintiff, and judgment for defendant was entered thereon. Both plaintiffs have appealed from this adverse judgment.

Appellants assert error in the denial of their motion for a directed verdict at the close of all of the evidence; in the denial of their post-trial motion to set aside the verdict and for judgment in their favor with a jury trial on the question of damages only, or in the alternative, for a new trial; in the giving of an alleged erroneous instruction to the jury; and because of alleged improper cross-examination of plaintiff Threatt as to his criminal record and comment thereon to the jury by defendant's counsel. Appellants charge that the jury verdict was opposed to the manifest weight of the evidence.

Looking at the evidence in the light most favorable to defendant, we find from the record the following relevant facts.

The accident occurred on May 7, 1956, at a wide and busy three-street intersection in the city of Chicago. Stony Island Avenue (a north-south street), South Chicago Avenue (a northwest-southeast street) and 79th Street (an east-west street) intersect one another at this point. The flow of traffic was controlled by a stop-and-go traffic light.

Threatt was driving his automobile north on Stony Island Avenue going home from work. In his car were two other passengers, Smith (the other plaintiff) and Jackson Moore. As Threatt approached the intersection, he was following two other cars in the northbound lane of traffic. Four cars concerned in this case stopped at the intersection of 79th Street for a red traffic control signal and were waiting for the light to change to green. These cars were lined up in the following order from north to south: first, an unidentified vehicle; second, a military police car; third, the Threatt vehicle; and fourth, defendant's car driven by its employee, Fagot.

When the traffic light changed to green, all four cars started north across the intersection. The first car was not involved in the accident, and it is not clear whether it stopped while crossing the intersection. The second car did stop near the center of the intersection to allow a lady pedestrian to cross in front of it. The third and fourth cars in turn stopped behind the second car. Defendant's car was following the Threatt car at a distance of about ten feet. There were four full northbound lanes of traffic on Stony Island Avenue

at the place where the cars in question were then proceeding.

Defendant's driver Fagot testified that:

"Well, as we started up and at approximately the center of the intersection I heard brakes squeal on my right and I looked over and as I looked back the other car in front of me was stopped, and I slammed on my brakes but it was too late."

Defendant's car struck the rear end of Threatt's car which in turn struck the rear end of the second car. The evidence is conflicting whether Threatt's car struck the car in front of it before or after the collision behind it. The rear end collisions occurred within a few seconds after the cars started across the intersection. A chain reaction, set in motion when the military car stopped to permit the pedestrian to cross, was followed by the resulting collisions in the matter of "a second" or "a split second."

The time of the occurrence was about 2:00 o'clock in the afternoon; the weather was clear and fair; and there were no obstructions in the line of travel.

Plaintiffs claim injuries resulting from the rear end collision when Threatt's car was struck from behind by defendant's car. Neither reported injuries at the scene of the accident. Smith lost no time from his employment but subsequently went to see a doctor with Threatt. There was evidence relating Threatt's subsequent disability to the accident in question.

There was testimony concerning the accident given by plaintiffs, the driver of defendant's car, a passenger in the military car and a police officer who investigated the accident and made an official report. We have reviewed this testimony.

Appellants contend that, in the absence of any showing of contributory negligence, when defendant's driver looked to his right at the sound of squealing brakes, then looked back and could not stop his car before colliding with the rear end of Threatt's car, he was guilty of causal negligence; that this negligence, combined with his alleged violation of a relevant Illinois statute,[1] requires a holding that defendant was guilty of negligence as a matter of law; and that appellants are thereby entitled to judgment as a matter of law. We do not agree.

Here we have a situation where cars are traveling in heavy traffic at a busy three-way street intersection in a metropolitan city; at the change of a traffic signal they move forward into the intersection; a driver hears the squeal of brakes to his right and looks for the cause; at the same time a preceding driver stops suddenly in the intersection to permit a pedestrian to cross; trailing cars are compelled to stop immediately without warning; and a series of rear end collisions results. We hold that the question of negligence under such circumstances was properly submitted to and determined by the jury.

In reviewing the ruling of a trial court on a motion for a directed verdict or for judgment notwithstanding the verdict, we must determine whether the evidence justifies the submission of the case to the jury. Such a motion should be denied where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions. Valdes v. Karoll's, Inc., 7 Cir., 1960, 277 F.2d 637, 638, and cases cited therein.

Likewise, it is settled beyond dispute that only under most unusual circumstances would a reviewing court be justified in holding that a trial court abused

---

1. "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the condition of the highway." Uniform Act Regulating Traffic On Highways, Art. VII, Ill.Rev.Stat., Ch. 95½, § 158(a) (1959 ed.).

its discretion in denying a motion for a new trial on the ground that the jury verdict is opposed to the manifest weight of the evidence. Hardware Mutual Casualty Company v. Chapman, 7 Cir., 1959, 272 F.2d 614, 617; Sears v. Pauly, 1 Cir., 1958, 261 F.2d 304, 309. We find no clear abuse of discretion on the part of the trial court. To the contrary, the verdict is well supported by the evidence.

We have carefully considered Ceeder v. Kowach, 1958, 17 Ill.App.2d 202, 149 N.E.2d 766, Harrison v. Bingheim, 1932, 350 Ill. 269, 182 N.E. 750, and other cases cited by appellants and find that they are not controlling or applicable to the factual situation before us.

We hold that the trial court did not err in overruling the several motions of appellants for judgment and for a new trial.

Appellants next complain of the giving of defendant's instruction Number 3 to the jury over their objection. This instruction reads:

> "If you believe from a preponderance of the evidence that the plaintiffs were injured as the result of an accident which occurred without the fault either of the plaintiffs or of the defendant, then you are instructed that plaintiffs cannot recover, and you should find the defendant not guilty."

It is asserted that this instruction is erroneous since there was no showing plaintiffs were injured through accident alone, but on the contrary that the evidence established that such injuries resulted from an accident coupled with negligence.

Appellants point out that in Illinois, where there is no evidence in the record showing that plaintiffs were injured through accident alone, the giving of such an avoidable accident instruction may be reversible error, and that the giving of this instruction should be discouraged. Ceeder v. Kowach, 1958, 17 Ill.App.2d 202, 149 N.E.2d 766; Smith v. Johnson, 1954, 2 Ill.App.2d 315, 120 N.E.2d 58; Williams v. Matlin, 1946, 328 Ill.App. 645, 66 N.E.2d 719; Peters v. Madigan, 1931, 262 Ill.App. 417. We have examined these cases, and in each of them the court held that on the facts of the particular case under consideration there was no evidence that the injuries were sustained through accident alone. To the contrary, in Oliver v. Kelley, 1939, 300 Ill.App. 487, 21 N.E.2d 649, such an instruction was approved.

Whether there is a conflict on this proposition in the holdings of the Illinois Appellate Court, we shall not attempt to determine. It is sufficient to say that under the facts of the instant case there was ample evidence to warrant the jury finding that plaintiffs' injuries resulted from an accident alone and inferring that the collision in question was unavoidable. Further, an examination of the court's instructions as a whole reveals that the jury was adequately and fairly charged. We hold that it was not error to give this instruction to the jury in this case.

On direct examination by his own counsel, Threatt testified that he was first convicted of a felony in 1947 on a charge of larceny and burglary, served twenty-one months in the penitentiary and was released in 1949; that he was convicted a second time in 1950 on a charge of robbery, served a term of thirty months in the penitentiary and was released in 1954; and that he had not been in trouble since his last release. On cross-examination he was asked about the nature of the crimes of which he had been convicted, and it was shown that the second conviction was for *armed* robbery.

In his opening argument to the jury, Threatt's counsel made a sympathetic plea in connection with his client's admitted felony convictions, arguing that the defense was predicated on Threatt's record as a felon and that Threatt should be forgiven. In answer to this argument, defendant's counsel stated to the jury in effect that Threatt's various convictions had nothing to do with the result to be reached by the jury and that the case should be determined upon its facts.

Appellants now charge that defendant's cross-examination of Threatt and the answering argument to the jury were improper and prejudicial and denied them a fair trial. At the same time appellants' counsel concedes that he introduced his client's criminal record on direct examination and in his opening argument to the jury in order to "steal the thunder from the storm" and before opposing counsel could bring it out. Having opened the door in this fashion, appellants may not now claim error. The cross-examination was proper and within the scope of the direct examination. Defendant's argument to the jury on this point was a restrained and proper answer to the specious argument advanced by opposing counsel. There is no merit in this claim of error. Appellants received a fair trial.

The judgment of the district court is Affirmed.