313 F.2d 174
 Elizabeth CHRISTIAN, Plaintiff-Appellee,
v.
The HERTZ CORPORATION, a corporation; Donald Scholz, and Scholz Homes, Inc., a corporation, Defendants, Donald Scholz and Scholz Homes, Inc., a corporation, Defendants-Appellants.
 No. 13829.
 United States Court of Appeals Seventh Circuit.
 January 4, 1963.
 Rehearing Denied February 7, 1963.
 
 Irvin Tischer, Gerald M. Chapman, Chicago, Ill., for appellants.
 Lester E. Munson, Simon Herr, Louis A. Smith, Chicago, Ill., for appellee.
 Before HASTINGS, Chief Judge, KILEY, Circuit Judge, and GRUBB, District Judge.
 KILEY, Circuit Judge.
 
 
 1
 This is a diversity personal injury action tried on the issues of damages and proximate cause of injuries. Negligence was conceded.
 
 
 2
 Plaintiff was driving fifty-five miles per hour on the Tri-State Tollway, and her car was struck from behind by the Scholz car. Whether, and to what extent, plaintiff's injuries were proximately caused by the collision, or were a result of previous surgery and a kidney ailment, were issues on which there was conflicting evidence. The jury decided, on substantial evidence, in favor of plaintiff and we see no reason for disturbing its findings.
 
 
 3
 Defendants claim error at the trial in rulings on evidence and improper argument to the jury, that the verdict of $60,000 is excessive, and that the District Court erred in refusing to grant a new trial.
 
 
 4
 The jury could have made these reasonable inferences from the evidence: Plaintiff suffered a hernia of the fourth lumbar disc requiring severe surgery. The post-operative effects of this surgery have been pain and numbness in heel and leg, loss of normal flexibility of the spine and continual medical treatment and medication. The condition is permanent and will probably require future surgery and result in spinal inflexibility. Plaintiff is fifty-three years of age, with a life expectancy of twenty-four years. Her past and future medical expenses amount to $5,199.45. She lost $4,500.00 in earnings before the trial, because she has been unable to work since the injury, and will lose about $2,250.00 each year in the future. She could have worked more than ten years in her business, and will suffer from the injury as long as she lives.
 
 
 5
 In the light of these inferences, we think the verdict is within the scope of the evidence and is not excessive.[1]
 
 
 6
 This conclusion weakens claims of prejudicial error in rulings at the trial. We think plaintiff was not required prima facie to offer her books and records to prove loss of earnings; an instruction sufficiently covered the reduction of plaintiff's future earnings to present value; and the human spine and a model of the spine were admissible in the court's discretion.
 
 
 7
 We see no abuse of discretion, Stanczak v. Pennsylvania R. Co., 174 F. 2d 43, 48 (7th Cir., 1949), Kuzminski v. Waser, 314 Ill.App. 438, 41 N.E.2d 1008 (1942), in the court's denial of defendants' motion for a new trial on the ground that, on voir dire, one of the jurors failed to tell of an earlier accident which she settled for $100.00. The court, on what was before it, could with reason have decided that the juror did not deliberately mislead the court or counsel, and that defendants were not prejudiced.
 
 
 8
 The recent case of Caley v. Manicke, 24 Ill.2d 390, 182 N.E.2d 206 (1962) was cited by defendants in their motion for new trial, to support the claim that prejudicial error was committed in the argument on damages, which calculated compensation for pain and suffering on the basis of hours and days. There was no objection to the argument, and the point will not be considered since, in view of all the circumstances, it does not amount to "fundamental error." 5 Moore, Federal Practice 1902-05 (2d ed. 1951).
 
 
 9
 For the reasons given, the judgment is Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Nothing is to be gained from discussing cases cited by both parties with a broad range of verdicts and facts