Ruth MIKKELSON, Plaintiff-Appellant,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION OF CHICAGO, an Illinois Corporation, Defendant-Appellee.

YOUNG MEN'S CHRISTIAN ASSOCIATION OF CHICAGO, an Illinois Corporation, Third-Party Plaintiff-Cross Appellant,

v.

TELANDER BROS. CONTRACTORS, INC., an Illinois Corporation, Third-Party Defendant-Cross Appellee.

Nos. 13832–13833.

United States Court of Appeals
Seventh Circuit.

April 18, 1963.

Rehearing Denied May 24, 1963.

Errett O. Graham, John A. McElligott, Chicago, Ill., for plaintiff-appellant.

Harold L. Jacobson, Chicago, Ill., for YMCA.

William C. Wines, Chicago, Ill., for Mikkelson.

Richard E. Mueller, Chicago, Ill., for defendant-appellee and third-party cross-appellant.

Robert O. Rooney, Chicago, Ill., for Telander Bros.

Neil K. Quinn, Chicago, Ill., for Telander Bros. third-party defendant-cross appellee.

Before KNOCH, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity personal injury action in which defendant Association filed a third party complaint against Telander Bros. The District Court directed verdicts, at the close of the evidence, in favor of the Association and Telander Bros., and entered judgments accordingly. Plaintiff has appealed from the judgment in favor of the Association, and the Association has appealed from the judgment in favor of Telander Bros.

In October, 1956, Telander Bros., under contract with the Association, was doing work on the front of the Y. M. C. A. Hotel, owned and operated by the Association in Chicago. Plaintiff was a guest in the hotel. She was injured when she slipped and fell in the aisle of the hotel cafeteria while on her way to get a tray.

Plaintiff's suit against the Association followed, charging it with negligence in failing to use ordinary care to keep the cafeteria aisle safe for patrons.

■ The decisive question in plaintiff's case is whether the District Court erred in taking from the jury the question of the Association's liability. On this question we consider only the evidence favorable to plaintiff and draw reasonable inferences most strongly in her favor. Threatt v. United States Steel Corp., 283 F.2d 411 (7th Cir.1960).

On the morning of October 29, 1956, plaintiff and her husband entered the cafeteria which is at the Wabash Avenue side of the hotel. They entered from the lobby after descending from their room. They walked along the aisle formed by tables on the left, and on the right by a 4 foot high partition extending about half way along the aisle. The floor was of asphalt tile and was highly polished. Plaintiff preceded her husband. She could hear the "hammer guns" of the workmen on the outside wall 25 feet away. When she came to the end of the partition, "my right foot went onto something and away I went." She slid 3 or 4 feet, fell to the floor, looked back and saw a long white mark on the floor like a chalk mark about 4½ feet long and saw little bits of cement or plaster or mortar from old bricks.

The front of the building was covered with a canvas, with an opening from Wabash Avenue into the cafeteria. Workmen were "running in and out," and the room was dusty. Materials for the work were brought to the job in mid-October and on the day in question the work of peeling the face of the front wall had started. Debris from the work on the entire face of the hotel was wheeled over to the north end of the front of the building and piled, and was removed by truck twice a week. One of the workmen coming from the front crossed the aisle in front of plaintiff just before she fell. The Association's building superintendent made an "occasional inspection" of the floors of the building. He went "through" the cafeteria before it opened the morning of plaintiff's injury.

■ That evidence would justify an inference that the old mortar was on the aisle floor as a result of workmen walking in and about the cafeteria through the canvas opening. And the jury could find that the defendant, as a reasonably prudent person, should have foreseen that this would occur, and in the exercise of ordinary care should have done more than the evidence shows it did to keep the cafeteria floor safe for its business invitees. We conclude, applying pertinent rules of negligence in Illinois, that the District Court erred in directing a judgment for the defendant.

The pertinent rules of Illinois law governing the question whether the Associa-

tion's negligence was for the jury are set forth in the recent cases of Donoho v. O'Connell's Inc., 13 Ill.2d 113, 148 N.E. 2d 434 (1958), relied on by plaintiff, and Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill.2d 469, 173 N.E.2d 443 (1961), relied on by defendant.

In Donoho, plaintiff slipped on an onion ring in defendant's restaurant and presented substantial evidence justifying the inference that it was more likely that the onion ring was on the floor through the act of defendant's busboy than by acts of any customer. This was the holding of the court in reversing the appellate court's judgment for the defendant.[1] In Olinger, the plaintiff slipped on a small spot of oily, light red, sweetish, abrasive, sticky substance on the floor in defendant's drug store in a corner where Coldene, a red liquid sticky cough medicine was sold. A witness testified that two or three weeks after the incident he saw on the counter a bottle of Coldene, which looked as if it had been opened, with some sticky substance on its outside. The Supreme Court affirmed the appellate court's judgment, which had reversed the trial court's judgment on the verdict for plaintiff. It held that there was no evidence from which it could be reasonably inferred that the substance was more likely to have been dropped by defendant's servants than by third persons.

Both Donoho and Olinger apply the same rule, which in substance is that if a business invitee is injured by slipping on foreign substance on defendant's premises and there is basis in the evidence for inference of defendant's or his servant's negligence, the case should go to the jury. And if the substance was on the floor through acts of third per-

sons, or there is no showing of how it got there, there must be evidence of sufficient notice to the defendant of the presence of the substance, so that defendant, in exercising ordinary care, would have discovered it.

The case at bar is signally distinguishable from Olinger because here, assuming without deciding that the old mortar was not related to the cafeteria business, the jury could reasonably find that the Association knew the work was being done, that it should have foreseen the likelihood that debris would be tracked into the cafeteria by workmen and ought to have taken greater precautions than it took in performing its duty to its invitees. As we read the temper of the Supreme Court of Illinois,[2] and acting as we must as another Illinois court in this diversity case, Allstate Insurance Co. v. Charneski, 286 F.2d 238, 244 (7th Cir. 1960), we think the case should go to the jury.

Having decided the question of Association negligence is for the jury, we turn to its case against Telander Bros. We are not concerned with plaintiff vis-à-vis Telander Bros.

The third party complaint in one count relies on an indemnity clause in the construction contract, and in a second count charges Telander Bros. with negligence in performance of its contract by permitting debris to accumulate and to be brought into the cafeteria premises, and that as a proximate result of that negligence plaintiff was injured. The Association, should plaintiff have judgment against it, seeks judgment against Telander Bros.

■ Applying the familiar rule[3] on evidence in this court in favor of the Association, we hold that the Association

---

1. The Circuit Court of Cook County had entered judgment on the jury verdict for plaintiff.

2. The court in Donoho noted a "diminishing reluctance by courts to accept * * * circumstantial evidence to establish that the foreign substance came on the floor through defendant's negligence." 13 Ill. 2d 113, at 122, 148 N.E.2d 434, at 439.

3. In an appeal by a party against whom a motion for directed verdict was granted, we consider only the evidence favorable to that party, and draw reasonable inferences most strongly in its favor. Threatt v. United States Steel Corp., 283 F.2d 411 (7th Cir. 1960).

case against Telander Bros. is for the jury.

We took with the case Telander Bros.' motion to dismiss the Association's appeal for failure to file the record and docket its appeal within 40 days as required by Rule 73(g) of the federal rules.

The Association did file a timely notice of appeal, and its answer to the motion disclosed good cause for its failure to comply with the time requirements of Rule 73. Telander Bros. makes no showing of prejudice, and Rule 73 provides: "Failure of the Appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal * * *." The motion to dismiss the Association's appeal is denied.

For the reasons given, the judgments in favor of the Association and Telander Bros. are reversed and the causes remanded for new trial.