Mary Williams, Appellee, v. Pauline Matlin, Appellant.

Gen. No. 43,555.

Opinion filed May 6, 1946.   Released for publication May 27, 1946.

BRAUN, BRODIE & JOHNSON, of Chicago, for appellant; PHILIP E. RYAN, of Chicago, of counsel.

JAMES J. McKENNA, of Chicago, for appellee; LOUIS S. GRIGGINS, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment for $600 entered against her in an action for personal injuries sustained by the plaintiff as a result of a collision between the automobile in which plaintiff was riding and an automobile driven by defendant.

The collision occurred in the north bound section of Lake Shore Drive, about a block south of Addison street in Chicago.  At this point Lake Shore Drive is divided into north and south bound drives, separated by a parkway.  Each section consists of four driving lanes.  Defendant was driving north in the second lane from the east.  Plaintiff's husband was driving the automobile in which plaintiff was riding at about the same speed at which defendant was

driving, and approximately 40 feet behind defendant's car. Defendant stopped suddenly. Plaintiff's husband immediately saw that she was stopping, and within a fraction of a second after defendant had applied her brakes he applied his brakes but his car collided with defendant's before coming to a stop. Defendant claims that she stopped suddenly to avoid hitting a dog running across the driveway immediately in front of her car. Witnesses for plaintiff claim that they saw no dog. The questions of defendant's negligence and plaintiff's contributory negligence or want of due care were questions of fact to be determined by the jury. *Orr v. Herzog,* 327 Ill. App. 555 (Abst.).

On cross-examination of plaintiff's husband the defendant submitted to him a statement prepared by an investigator, for the purpose of impeaching the witness. On redirect examination, in answer to a question by plaintiff's counsel as to who wrote the statement, the witness replied that it was written by one of the men representing the Chicago Motor Club. Defendant objects that this was an improper injection of the insurance company into the case. This objection is not tenable. Here the defendant sought to take advantage of an alleged impeaching statement signed by plaintiff's witness but prepared and obtained by an agent of the insurer. The identity of the person preparing the statement, the nature of his employment and by whom employed became material for the purpose of showing his interest, if any, in the litigation. As said in *Gegan v. Kemp,* 302 Mich. 218, 225, cited by defendant, in discussing a similar situation: "There can be no question but that after defendant introduced the statement prepared by the adjuster and witnessed by him, plaintiff had a right to show the circumstances under which the statement was made, who prepared it and what interest he had in it. *Rosenberg v. Mageda,* 251 Mich. 696; *Perry v.*

*F. Byrd, Inc.*, 280 Mich. 580; *Herbert v. Durgis*, 276 Mich. 158.'' The court properly denied defendant's motion to withdraw a juror because of the witness's answer, but erroneously directed the jury to disregard completely the testimony of the witness as to the identity of the investigator.

Defendant contends that the court erred in receiving in evidence bills rendered by plaintiff's physician and which she testified were paid by her, because of failure to prove the reasonableness of the bill. As said in *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 349, cited by defendant, ''The payment of the bill of a physician is *prima facie* evidence that it is reasonable.'' See also *Cloyes v. Plaatje*, 231 Ill. App. 183, and *Byalos v. Matheson*, 243 Ill. App. 60.

Objection is made that the argument of plaintiff's counsel to the jury was improper and inflammatory, resulting in a verdict for excessive damages. Plaintiff's counsel should not have referred to the employment by the insurer of the investigator who took the statement from plaintiff's husband, after the court had instructed the jury to disregard the testimony on that point. As we have held this action of the court was erroneous, we do not consider the conduct of counsel reversible error.

It is also objected that plaintiff's counsel erroneously told the jury that plaintiff's physician was in the armed service of the United States or he would have been in court to testify to plaintiff's injuries. The evidence showed that the physician was in the Philippine Islands with the United States Navy at the time of the trial, and, if plaintiff had not shown his absence, defendant would have been enthusiastically demanding to know why he had not been produced. There was no error in this argument.

The court gave a stock instruction directing the jury, if they found the issues for plaintiff, to find for her such sum as ''in the judgment of the jury, under

the instructions of the court, will be fair compensation for the damages she has sustained, if any, on account of said injuries, so far as such damages are claimed and alleged by the plaintiff in the declaration and proven by a preponderance of the evidence under the instructions of the court to have directly resulted from the accident in question.'' Defendant rightly contends that the practice of referring to the complaint in an instruction, unless the jury are instructed as to what issues are raised by the complaint, has been criticized, citing *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464. Defendant is in no position to complain of this method of instructing the jury, because in an instruction tendered by her the jury was told that plaintiff could not recover unless she proved by the preponderance of the evidence ''that the defendant was guilty of negligence in the manner charged in the complaint,'' without defining by any instruction the charges in the complaint as to negligence of the defendant.

■ Objection is made to the refusal of a stock instruction that if the jury believed ''from a preponderance of the evidence that the plaintiff was injured as a result of an accident which occurred without the fault either of the plaintiff or of the defendant, or either of them, then you are instructed the plaintiff cannot recover and you should find the defendant not guilty.'' We agree with the statement of the Third Division of this court in *Rzeszewski v. Barth,* 324 Ill. App. 345, 356, that the giving of this instruction should be discouraged. It is only when there is evidence tending to show that plaintiff was injured through accident alone, not coupled with negligence, that the giving of such instruction is permissible. *Streeter v. Humrichouse,* 357 Ill. 234, 244. When proper, it merely tells the jury what should be known to the man on the street. Moreover, in practically every case, as here, the jury is instructed that it

should find defendant not guilty unless the plaintiff proves by the preponderance of the evidence, among other things, that the defendant was guilty of negligence proximately and directly causing the injuries complained of.

Objection is also made to the refusal of an instruction tendered by defendant, stating in substance that if the jury found that plaintiff's husband operated his automobile nearer to defendant's automobile "than was reasonable and proper, having due regard to the speed of both vehicles and the traffic conditions upon the highway," and that the proximate cause of the collision and the resulting injuries to plaintiff were due to such action, the jury should find the defendant not guilty. Defendant's contention is that an emergency justified the sudden stopping of her car, and that the proximate cause of the collision was the negligence of plaintiff's husband in driving his car too near to defendant's car. There was evidence tending to support defendant's theory. The instruction correctly stated the law, and as the case is close on the evidence it was reversible error to refuse the instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.