515 P.2d 1291

Marilu WOOD, a minor, through her father and next-of-friend, Ken Wood, and Ken Wood, Individually, Plaintiffs-Appellees,

v.

Mike DWYER, Defendant,

and

Josephine Dwyer, Defendant-Appellant,

and

Safeco Insurance Companies, Inc., Plaintiff in Intervention.

No. 1200.

Court of Appeals of New Mexico.

Oct. 17, 1973.

Juan G. Burciaga, Ussery, Burciaga & Parrish, Albuquerque, for defendant-appellant.

Mark H. Shaw, Gallagher & Ruud, Albuquerque, for intervenor.

Peter Gallagher, Gallagher & Walker, Albuquerque, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

Defendant Mike Dwyer was dismissed during trial. Defendant Josephine Dwyer appeals from a judgment for plaintiffs in an automobile accident case. The insurance company named in the caption intervened as a plaintiff on the basis it insured and had paid for part of the property damage to the car driven by Marilu Wood. The issue is the propriety of a question, on redirect examination, that informed the jury that Josephine had insurance.

During the cross-examination of Marilu, the defense brought out that she had made a statement concerning the accident. Asked if in that statement she had said that her car "fishtailed," she replied: "No, that was the man's words." On redirect examination it was brought out that certain portions of the statement were not written by Marilu.

Plaintiffs' counsel then asked: "Do you know who took this statement?" Marilu replied: "The insurance man for the Dwyers."

The trial court denied Josephine's motion for a mistrial. Contending that a mistrial should have been granted, Josephine asserts that the *knowing* injection of liability insurance coverage into the case is inher-

ently prejudicial. This view appears to be supported by certain statements appearing in Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968) and Falkner v. Martin, 74 N.M. 159, 391 P.2d 660 (1964). However, the New Mexico cases are not applicable to the fact situation in this case.

Josephine's view is supported by 21 Appleman, Insurance Law and Practice, § 12834 (1962), where it is stated that deliberately informing the jury of insurance is grounds for a mistrial. However, *Appleman,* supra, at § 12835 states that where a statement is used for impeachment purposes " . . . the other side has an absolute right to bring out who took the statements and his interest in the matter. The courts are not required to pussyfoot around at that stage to avoid embarrassment to the insurer."

Annot., 4 A.L.R.2d 761, § 9 at 782 (1949) states:

> "As a general rule, where a previously written statement is produced in court and used for the purpose of impeaching plaintiff or one of his witnesses, it is proper for plaintiff's counsel to show that the person procuring such statement was a representative of defendant's insurance company."

Turner v. Caldwell, 349 S.W.2d 493 (Mo. 1961) applies the above quoted rule and cites numerous cases supporting the rule. See also, Industrial Farm Home Gas Co. v. McDonald, 234 Ark. 744, 355 S.W.2d 174 (1962); Williams v. Matlin, 328 Ill.App. 645, 66 N.E.2d 719 (1946); Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348 (1963).

What is the reason for this rule? Where the statement of the witness has been used to impeach the veracity of the witness " . . . the credibility of the statement-taker, as well as that of the witness is, in a sense, likewise in issue. . . ." Turner v. Caldwell, supra. Accordingly: " . . . The identity of the person preparing the statement, the nature of his employment and by whom employed became material for the purpose of showing his interest, if any, in the litigation. . . ." Williams v. Matlin, supra. Thus, the above quoted rule is based on the credibility of both the witness and the statement taker.

■ In our opinion, this reason is no more than a specific application of the rule that on redirect examination the witness may explain matters made the subject of cross-examination so as to rebut the discrediting effect of the cross-examination testimony and correct any wrong impression which may have been created. Turner v. Caldwell, supra; compare State v. Edmondson, 26 N.M. 14, 188 P. 1099 (1920); State v. Roberts, 18 N.M. 480, 138 P. 208 (1914).

■ We hold that the rule quoted from A.L.R., supra, is applicable. The question on redirect was proper; the motion for a mistrial was properly denied.

The judgment is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.