526 P.2d 430

Martin SELGADO and Lorencita W. Selgado, Plaintiffs-Appellees,

v.

COMMERCIAL WAREHOUSE COMPANY and Gary T. Cordes, Defendants-Appellants.

No. 1271.

Court of Appeals of New Mexico.

Aug. 21, 1974.

Briggs F. Cheney, James R. Toulouse & Associates, P. A., Albuquerque, for appellants.

Lorenzo A. Chavez, Emmett C. Hart, Leof T. Strand, Albuquerque, for appellees.

## OPINION

LOPEZ, Judge.

Plaintiff Lorencita Selgado was proceeding in a westerly direction on Interstate Highway 40 in Albuquerque near its intersection with Interstate Highway 25. She swerved to avoid a box which fell from a truck driven by defendant Gary Cordes who was acting within the course and scope of his employment with defendant Commercial Warehouse Company. She ran over the lid of the box, lost control of her automobile and struck a telephone pole. She and her husband sued for damages resulting from the personal injuries she sustained.

The jury returned a verdict in the sum of $18,000.00. From judgment upon the verdict, the defendants appeal, raising issues concerning: (1) sufficiency of the evidence to warrant an instruction on future damages; (2) reference to insurance; (3) contributory negligence; (4) mitigation of damages. We affirm defendants' liability but remand for a new trial on damages.

### Future damages

The trial court instructed the jury that they could assess damages for loss of future earning capacity and for the cost of anticipated future medical care. The claim is that there was insufficient evidence to submit these issues to the jury. Similar issues were resolved in Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961). Both parties agree that *Baros* controls the issues raised here.

As to loss of earning capacity, the court in *Baros* stated:

"Accordingly, if it appears from the evidence that a person has a continuing disability resulting from the injury which has resulted in and will continue to result in loss of earnings, and there is proof of his age, occupation, rate of pay when working, and previous condition of health, there is sufficient to go to the jury even without proof of his earnings of any given period. . . ."

Defendants do not contend that there is no proof of age, etc. Rather, the contention is that there is insufficient evidence on the issues of the continuing nature of the disability and the cause of loss of earnings.

■ Dr. Emmett Altman, after summarizing Mrs. Selgado's condition, stated:

". . . I think after this length of time she is probably at status quo. I do not think it will change a lot in the future. I think she will stay more or less as she is."

This testimony is sufficient to establish the continuing nature of Mrs. Selgado's condition. See Morris v. Rogers, 80 N.M. 389, 456 P.2d 863 (1969); Alvillar v. Hatfield, 82 N.M. 565, 484 P.2d 1275 (Ct.App.1971).

■ Mrs. Selgado testified that since the accident she had not been able to perform her usual occupation of housework because of headaches and pain. Defendants argue that this is insufficient proof to establish a condition which caused and would continue to cause loss of earnings. They urge that we adopt a rule that where the disability is established by subjective complaints, expert testimony is needed to establish that it impairs earning capacity. See Morris v. Rogers, supra.

Even if we were disposed to adopt such a rule, (See Annot. 18 A.L.R.3d 88 at 101) we could not accept defendants' contention. The experts testified that they found objective evidence of pathology. Dr. Altman testified that X-rays taken at his direction indicated a loss of normal curvature in the cervical spine. Dr. Altman testified that in light of Mrs. Selgado's complaints, he had advised her to cut down on

housework to avoid aggravating the neck and back and if she were unable to do housework, a surgical approach could be tried. Dr. Donald Morrison, a chiropractor, was able to identify muscle group weakness by the performance of various manipulative techniques. This medical evidence supports Mrs. Selgado's testimony of an inability to do housework for pay. Mrs. Selgado's testimony, combined with the medical testimony, is sufficient evidence to justify the instruction on loss of future earning capacity. Baros v. Kazmierczwk, supra.

As to future medical expenses, the court in *Baros* stated:

"In the instant case, the doctor who treated appellant was on the witness stand and testified concerning the possible future need for medical and surgical care. However, he was not asked to estimate what this might amount to in money. Neither is there any evidence in the case as to past medical cost which it might be argued could be used as a yardstick for future expense. . . ."

We have essentially the same situation here. Dr. Altman testified concerning the likelihood but not the cost of future surgical intervention.

■ Plaintiffs suggest that the jury could infer what future medical expenses would be on the basis of past expenses, which are in the record. We disagree. The past expenses for the conservative therapy, plastic surgery and chiropractic treatment which Mrs. Selgado received bore no relation to the contemplated future treatment, spinal surgery. The jury had no yardstick and we must remand for a new trial on damages. If sufficient proof is adduced on remand, an award would stand.

### Insurance

We must also remand because the trial court erroneously rejected a tender of testimony as to damages by the defendants.

The accident involved in the case at bar occurred on June 8, 1970. Mrs. Selgado was involved in a later accident occurring on May 20, 1971. The automobile in which she was a passenger was hit broadside by another vehicle. An issue developed concerning whether Mrs. Selgado's condition at trial resulted from the later accident.

The plaintiffs sought recovery for certain medical bills incurred after the later accident. The defendants by their tender, sought to show not only that the later medical expenses were incurred as a result of the later accident, but also that many of Mrs. Selgado's injuries were derived from that cause. The substance of the tender was that the plaintiffs filed a proof of loss for injuries resulting from the May, 1971, accident with Allstate Insurance Company under a policy which was in effect in May of 1971, but not in June of 1970. The company paid over $1,000.00 on this claim.

■ The trial court rejected the tender because of the collateral source rule. That rule, in New Mexico, is: "Compensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer." Trujillo v. Chavez, 76 N.M. 703, 417 P.2d 893 (1966). Thus, Mrs. Selgado may recover medical expenses incurred by defendants' negligence even though these items were paid for by insurance. Bailey v. Jeffries-Eaves, Inc., 76 N.M. 278, 414 P.2d 503 (1966).

■ As the defendants pointed out, its tender went to proximate cause; that is whether the medical bills and Mrs. Selgado's injuries were incurred as a result of the accident involving defendant, or as a result of a subsequent accident. See Morris v. Rogers, supra. Until it had been determined by the factfinder, in this case, the jury, that the bills and injuries in question were caused by defendants there was no basis for application of the collateral source rule. If causation was determined adverse to defendants, the collateral source rule would apply. Since causation was a

contested issue in this case, the collateral source rule was not a proper basis for excluding the tendered evidence. Rather, the collateral source question should be handled by proper instruction to the jury.

■ Nor was the tendered evidence inadmissible because it injected insurance into the lawsuit. The fact of insurance is generally inadmissible because it is immaterial to the issues tried and because it is prejudicial. See Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968); Falkner v. Martin, 74 N.M. 159, 391 P.2d 660 (1964).

■ Rule 411, New Mexico Rules of Evidence, § 20–4–411, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973), states:

" . . . *Liability insurance*

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness."

Although the rule was not effective at the trial of the instant cause, we nevertheless feel that it properly states the law. We have not adhered to a rule that insurance can never be mentioned when it is highly relevant to an issue in the lawsuit. See Wood v. Dwyer, 85 N.M. 687, 515 P.2d 1291 (Ct.App.1973). Cf. Hale v. Furr's Incorporated, 85 N.M. 246, 511 P.2d 572 (Ct.App.1973).

■ The tender was relevant even though it mentioned insurance. First, it cast doubt on plaintiffs' claim for the medical bills incurred after the later accident. The fact of the proof of loss, without explanation, would tend to indicate that the plaintiffs regarded the medical expenses as proximately caused by the later accident. The same would be true with respect to the injuries then being treated. Also, the proof of loss, if inconsistent with the plaintiffs' claims at trial, might cast doubts upon plaintiffs' claims generally and Mrs. Selgado's testimony in particular. The tendered testimony was an admission of Mrs. Selgado against her interest and was admissible as such. Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966); see § 20–4–801(d)(2), N.M.S.A.1953 (Repl.Vol. 4, Supp.1973).

*Contributory negligence*

■ Defendants' contention is that Mrs. Selgado was contributorily negligent as a matter of law in the operation of her vehicle. No claim is made that Mrs. Selgado did not take adequate steps to evade the obstruction once she apprehended the danger. The claim is that she did not apprehend the danger soon enough specifically, a failure to keep a proper lookout. The factual basis is the testimony of a number of other drivers who were in a similar position to Mrs. Selgado and who were able to apprehend the danger soon enough to stop.

The defendants contend, on the basis of these facts, that Mrs. Selgado failed to see that which was in plain view until too late. They rely upon Martinez v. City of Albuquerque, 84 N.M. 189, 500 P.2d 1312 (Ct. App.1972), where we stated:

"For reasonable men to fairly differ, there must be reasonable inferences arising from the facts on which to base the differences. See Goodman v. Brock, supra [83 N.M. 789, 498 P.2d 676 (1972)]. Here, there is no basis for differences by reasonable men. The only reasonable inference is that plaintiff's daylight collision with a protruding manhole which plaintiff had 'no reason' for not seeing was a failure to keep a proper lookout."

In the case at bar, Mrs. Selgado offered a "reason" for her delay in seeing the obstruction. She testified that she planned to switch into the outside lane so that she could exit onto Interstate Highway 25.

The box fell when she was checking to see if the way was clear for her to switch lanes. She saw the box when it was 100 to 150 feet away. She was concerned with traffic on other lanes of the freeway and traffic approaching from the rear. Although she did not come to a stop, she evaded the box but ran over its lid. This evidence explains why she did not come to a stop. Its reasonableness was for the jury. See Proctor v. Waxler, 84 N.M. 361, 503 P.2d 644 (1972).

*Mitigation of damages*

Defendants submitted a requested instruction to the effect that Mrs. Selgado could not recover for any injuries she could have prevented if she had worn her seat belt. The refusal of this requested instruction is asserted as error. There was no testimony, expert or otherwise, which tended to show the extent, if any, to which Mrs. Selgado's injuries would have been mitigated had she been wearing seat belts. There was testimony to the effect that her injuries resulted from the striking of her head on the windshield. The jury could not have been allowed to speculate that this would not have happened or might have happened with a less severity had she been wearing seat belts. The instruction was properly refused because there was no evidence on which to base the instruction. Boyd v. Cleveland, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970).

The issue of liability is separable and distinct from the issue of damages. Baros v. Kazmierczwk, supra; compare Jones v. Pollock, 72 N.M. 315, 383 P.2d 271 (1963). The error in this case is limited to the question of damages. Accordingly, the judgment with respect to liability is affirmed. The judgment with respect to damages is reversed and remanded for a new trial on that issue. Martin v. Darwin, 77 N.M. 200, 420 P.2d 782 (1966).

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.