589 P.2d 1037

**MAC TYRES, INC., a corporation, Petitioner,**

v.

**Ben VIGIL, Respondent.**

**No. 12191.**

Supreme Court of New Mexico.

Jan. 25, 1979.

447

Montgomery, Andrews & Hannahs, Frank Andrews, III, Walter J. Melendres, Santa Fe, for petitioner.

Byron L. Treaster, Los Alamos, for respondent.

## OPINION

McMANUS, Senior Justice.

Ben Vigil (Vigil) brought this action in the District Court of Santa Fe County to recover damages for an alleged injury sustained when he tripped over a large metal jack at Mac Tyres, Inc. (Mac Tyres). The jury returned a verdict in Vigil's favor and awarded him $12,000.00 in damages. The

trial court denied Mac Tyres' motion for a new trial. Mac Tyres appealed the judgment and the denial of its motion, and the Court of Appeals affirmed. This Court granted certiorari, and we now reverse the Court of Appeals.

In its petition for a writ of certiorari, Mac Tyres presents two grounds for reversal: (1) the trial court's exclusion of evidence regarding a misrepresentation made by Vigil to his employer's workmen's compensation carrier; and (2) the trial court's refusal to grant Mac Tyres' requested instruction No. 5.

Mac Tyres' first contention is that it was erroneously denied its right to impeach Vigil. The record indicates that Vigil tripped over a large metal jack at Mac Tyres, Inc. Vigil told Mary Tobin, a representative of his employer's workmen's compensation carrier, that he had tripped on a tree stump on his employer's property instead of a jack on Mac Tyres' property. Vigil's deposition was taken, and he admitted the lie. Vigil stated that he lied to the insurance representative to assure the receipt of benefits.

At trial Vigil presented a motion *in limine* asking that Mac Tyres be denied the right to identify Mary Tobin or otherwise mention that Vigil had lied to the workmen's compensation carrier. The trial court ruled that Mac Tyres could inquire whether the misrepresentation was made and the reason for the misrepresentation. However, Mac Tyres could not identify the person to whom the misrepresentation was made as an insurance representative unless Vigil first stated this fact.

During direct and cross-examination, Vigil testified that he told Mary Tobin that he tripped on a tree stump instead of the jack. However, he changed his testimony regarding the reason for the lie. Vigil testified that he lied because he was afraid his boss would be upset if his boss knew he was at Mac Tyres. Again, Mac Tyres sought to impeach Vigil with his deposition testimony. The trial court denied Mac Tyres' request.

The trial court based its rulings on two grounds. First, the court determined that

under N.M.R.Evid. 403, N.M.S.A.1978, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Secondly, the trial court felt that the collateral source rule would not permit evidence of collateral source insurance to be admitted. *See Trujillo v. Chavez,* 76 N.M. 703, 417 P.2d 893 (1966).

The Court of Appeals held that the trial court's allowance of limited impeachment was a proper application of Rule 403 and was an appropriate solution to the balancing test set forth in Rule 403 and N.M.R. Evid. 411, N.M.S.A.1978.

Rule 403 states, in pertinent part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ..

Rule 411 states as follows:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

■ Evidence that a party is insured is generally inadmissible because it is immaterial to the issues tried and because it is prejudicial. *See Fort v. Neal,* 79 N.M. 479, 444 P.2d 990 (1968); *Falkner v. Martin,* 74 N.M. 159, 391 P.2d 660 (1964). However, New Mexico courts have not adhered to a rule that insurance can never be mentioned when it is highly relevant to an issue in the lawsuit. *Wood v. Dwyer,* 85 N.M. 687, 515 P.2d 1291 (Ct.App.1973).

The Court of Appeals interpreted and applied Rule 411 in *Selgado v. Commercial Warehouse Company,* 86 N.M. 633, 526 P.2d 430 (Ct.App.1974). In *Selgado,* the court reversed a judgment in favor of plaintiff, in part because the trial court refused to admit a subsequent insurance claim. The court said:

The tender was relevant even though it mentioned insurance. . . . [T]he proof of loss, if inconsistent with the plaintiffs' claims at trial, might cast doubts upon plaintiffs' claims generally and Mrs. Selgado's testimony in particular. The tendered testimony was an admission of Mrs. Selgado against her interest and was admissible as such. (Citations omitted.)

*Id.* at 638, 526 P.2d at 435.

■ The trial court has a great deal of discretion in applying Rules 403 and 411. *Anderson v. Welsh,* 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974). In *Anderson,* the Court of Appeals stated:

We recognize that the question of insurance before a jury can be prejudicial as well as proper and dignified. (Citation omitted.)

Because of this difference in view, to weigh the probative value of impeachment testimony versus the question of insurance rested in the sound discretion of the trial court.

*Id.* at 771, 527 P.2d at 1083. The trial court's ruling can only be held to be reversible error in the event of an abuse of that discretion. *Phillips v. Smith,* 87 N.M. 19, 528 P.2d 663 (Ct.App.1974), *cert. denied,* 87 N.M. 5, 528 P.2d 649 (1974).

■ In the present case, Mac Tyres attempted to impeach Vigil by showing that Vigil had lied to his employer's workmen's compensation carrier about the location and nature of his accident for the sole purpose of getting benefits under false pretenses. In our opinion, the trial court abused its discretion by limiting Mac Tyres' presentation of impeachment evidence.

■ The right to impeach a witness is basic to a fair trial. Mac Tyres was clearly prejudiced by the trial court's ruling. It could not establish Vigil's admitted dishonesty regarding this incident, nor his sudden and complete change in testimony at trial. Vigil's fraud to get benefits should have been brought to light, even if the fraud involved an insurance company. The jury should be allowed to measure what it heard

from the litigant against the litigant's demonstrated lack of credibility. Any possible prejudice could have been avoided by a simple instruction limiting the applicability of the evidence to credibility.

Mac Tyres' second contention is that the trial court erred in refusing defendant's requested instruction No. 5. This instruction, which is similar to N.M.U.J.I. Civ. 9.3, reads as follows:

A person is required to actually see what is in plain sight or obviously apparent to one under like or similar circumstances in the exercise of ordinary care.

Further, with respect to that which is not in plain sight or readily apparent, a person is required to appreciate and realize what is reasonably indicated by that which is in plain sight.

The trial court agreed that the proffered instruction was a correct statement of the law but felt that the issue had been covered by three other instructions. These instructions dealt with (1) a definition of ordinary care, (2) whether plaintiff was an invitee or lessee, and (3) the duties of a possessor of land. The Court of Appeals affirmed the trial court's decision. The court stated that U.J.I. 9.3 is a motor vehicle instruction which does not apply to the case at bar, and that the plaintiff's duty to look out for his own safety was made clear to the jury. We disagree.

■ It is well established in this jurisdiction that each party is entitled to an instruction on his theory of the case if he has pled it and there is evidence upon which the theory might be supported. *Falkner, supra; Lucero v. Torres,* 67 N.M. 10, 350 P.2d 1028 (1960). N.M.R.Civ.P. 51(e), N.M.S.A. 1978 allows attorneys to request non-U.J.I. instructions, or modifications thereof, where no applicable instruction on the subject is available. *Williams v. Cobb,* 90 N.M. 638, 567 P.2d 487 (Ct.App.1977), Sutin, J., specially concurring; *O'Hare v. Valley Utilities, Inc.,* 89 N.M. 105, 547 P.2d 1147 (Ct. App.1976), *rev'd on other grounds,* 89 N.M. 262, 550 P.2d 274 (1976). Rule 51(e) provides:

Whenever the court determines that the jury should be instructed on a subject and no applicable instruction on the subject is found in U.J.I. the instruction given on that subject shall be brief, impartial, and free from hypothesized facts.

■ It is the opinion of this Court that the trial court erred in refusing to give defendant's requested instruction No. 5. It was the defendant's theory of the case that the plaintiff was contributorily negligent for tripping over a plainly visible six-foot long metal jack being used to raise a truck. The general instructions given by the trial court did not pertain to the duty of the plaintiff to actually see what was in plain sight. In addition, defendant's instruction No. 5 meets the test of Rule 51(e).

Therefore, we reverse the Court of Appeals and remand the case for a new trial to be held in accordance with this opinion.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.

SOSA, C. J., specially concurring.

FEDERICI, J., not participating.

SOSA, Chief Justice, specially concurring.

I concur with the result reached by the Court insofar as it pertains to Mac Tyres' first contention. The limiting of Mac Tyres' presentation of impeachment evidence under the circumstances of this case was improper. Therefore, I concur with the Court of Appeals being reversed and the case being remanded for a new trial.

I cannot, however, agree with reversal as to Mac Tyres' second contention. The trial court did not err in refusing to give defendant's requested instruction No. 5, which is similar to N.M.U.J.I. Civ. 9.3, a motor vehicle instruction. In my opinion, U.J.I. Civ. 9.3 is not applicable to this particular case. The instruction should be the subject of argumentation to the jury, rather than a specific instruction. Giving defendant's requested instruction No. 5 might, in my judgment, be construed by the jury as a directive from the court that contributory negligence was present as a matter of law.