627 P.2d 1247

**Geraldine MARTINEZ, Plaintiff-Appellee,**

v.

**Thomas TEAGUE, Defendant-Appellant.**

**No. 4750.**

Court of Appeals of New Mexico.

April 2, 1981.
Certiorari Denied June 30, 1981.

John B. Pound, Montgomery & Andrews, P. A., Joseph A. Sommer, Sommer, Lawler & Scheuer, P. A., Santa Fe, for defendant-appellant.

Robert R. Rothstein, Jan Unna, Rothstein, Bailey & Unna, Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

On May 16, 1978, when driving her automobile on State Highway 84 shortly after midnight near Medenales, Mrs. Martinez collided with a horse owned by Mr. Teague and suffered injuries. The defendant, Mr. Teague, has horses on his land along this highway. A jury found the defendant's negligence caused Mrs. Martinez' injuries and awarded her $250,000.00 in damages. Mr. Teague appeals on five grounds: 1. that the court should have declared a mistrial when the plaintiff informed the jury that the defendant had insurance; 2. that the jury should not have been instructed on *res ipsa loquitur*; 3. that the jury should not have been instructed that violation of certain statutes was negligence *per se*; 4. that the jury award was excessive; and 5. that the cumulative errors committed deprived the defendant of a fair trial. Finding no error, we affirm the judgment of the trial court.

█ *Mention of insurance.* A blanket rule against the inclusion of evidence that a party is insured does not exist in New Mexico. Evidence that a person is insured is not admissible to show that he acted negligently or wrongfully. N.M.R. Evid. 411, N.M.S.A. 1978. In certain other circumstances, however, it is admissible, as when used to show proof of agency, ownership, or control. *Id.* In extreme circumstances, the exclusion of evidence of insurance is reversible error. *See, Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 589 P.2d 1037 (1979). The propriety of admitting the evidence depends on the reason it was proffered. In *Grammer v. Kohlhaas Tank & Equipment Co.*, 93 N.M. 685, 692, 604 P.2d 823, 830 (Ct.App. 1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980), this court set out the following rules for determining the admissibility of evidence of insurance coverage:

(1) Evidence that a person was or was not insured against liability is *not* admissible upon the issue whether he acted negligently or otherwise wrongfully.

(2) Evidence that a person was or was not insured against liability *is* admissible when offered for any other purpose which is relevant and basic to a fair trial.

(3) The trial court may, in its discretion, admit evidence of insurance coverage if it believes that its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Contrariwise, in its discretion, the trial court may exclude evidence of insurance coverage.

(4) The trial court's ruling can only be held to be reversible error in the event of an abuse of that discretion.

█ The evidence that Mr. Teague was protected by insurance was mentioned by plaintiff's counsel when he read a portion of Dr. Wood's report to Dr. Egelman. The portion read contained Dr. Wood's observation that Mrs. Martinez did not trust her attorney because she thought he was siding with the insurance company. The portion was read aloud, not to show that the insured, Mr. Teague, acted wrongfully, but to show why Mrs. Martinez was increasing her demands for compensation. The explanation of why Mrs. Martinez was increasing her demands was relevant to discredit Dr. Egelman's earlier opinion that Mrs. Martinez was trying to solve her financial problems through lawsuits. This evidence is not barred by Rule 411, the first rule in *Grammer*, and is admissible under the second rule enumerated in that case. Evidence of insurance, not used to show the wrongful acts of the insured, is admissible to rebut the discrediting effect and correct any wrong impression of earlier testimony by the witness. *See, Wood v. Dwyer*, 85 N.M. 687, 515 P.2d 1291 (Ct.App.1973). This was the legitimate purpose for which the testimony was elicited and admitted in the case before us. The evidence was also admissible under the third rule in *Grammer.* It was introduced in the context of workmen's compensation, and, although Dr. Egelman subsequently clarified the testimony slightly by explaining that Mrs. Martinez was involved in two cases simultaneously—one for workmen's compensation benefits and the

present negligence suit—the court could have found the prejudicial effect very minimal. The jury could have missed the reference altogether, or it could have thought the insurance was workmen's compensation insurance. There is no abuse of discretion under the third rule in *Grammer*, and no reversible error under the fourth rule.

*Res ipsa loquitur.* Mere proof of an accident is insufficient to invoke the doctrine of *res ipsa loquitur.* *Tapia v. McKenzie*, 85 N.M. 567, 514 P.2d 618 (Ct. App.1973). In order for the doctrine to be applicable, the following must be true:

> (1) [T]he accident [must] be of the kind which ordinarily does not occur in the absence of someone's negligence.
> (2) [The accident] must be caused by an agency or instrumentality within the exclusive control and management of the defendant.

*Renfro v. J. D. Coggins Co.*, 71 N.M. 310, 316, 378 P.2d 130, 134 (1963).

The defendant does not dispute that the second test was met. The horse, which was the cause of the accident, was within the defendant's exclusive control and management. He does challenge the applicability of the first test, claiming that *Akin v. Berkshire*, 85 N.M. 425, 512 P.2d 1261 (Ct. App.1973) controls in the circumstances of this case. In *Akin*, a cow on the road caused an automobile accident. In suing the owner of the cow, the plaintiff relied on *res ipsa loquitur.* This court said that *res ipsa* did not apply because the plaintiff failed to prove that the accident was of the kind which ordinarily does not occur in the absence of someone's negligence; *see also, Tapia*, a similar case. *Akin* and *Tapia* do not stand for the proposition that in cases involving a collision with livestock on the road, *res ipsa* is never applicable. In *Mitchell v. Ridgway*, 77 N.M. 249, 421 P.2d 778 (1966), the Supreme Court, finding that a count of the complaint invoking *res ipsa* stated a cause of action in a negligence suit arising out of a collision with a horse on the road, reversed the trial court's dismissal. *Akin, Tapia* and *Mitchell* read together indicate that each case must be decided by considering its own unique facts.

For *res ipsa* to apply, there must be facts which lead to a reasonable and logical inference that the defendant was negligent. *Strong v. Shaw*, 20 N.M.St.B.Bull. 70 (1980). The State Policeman who investigated the accident testified that the road where the accident occurred is lined by fences put up by the highway department. The gate to the defendant's property was open, and there was no cattle guard at the gate. Defendant said he always left the gate open for easy access. Other witnesses testified that defendant's corral, from which the horses somehow escaped, was about three and a half feet high. The defendant stated that he knew a horse could jump a three and a half foot fence. When the corral was examined after the accident, it was found to be closed and locked. There was no evidence that anyone had let the horses out; no one had been heard near the house, nor were there any tracks to indicate the presence of strangers.

This case is distinguishable form both *Akin* and *Tapia*. In those cases, there was no evidence of negligence in the construction or maintenance of the gates and fences. In *Akin*, there was also no evidence of how the cow escaped onto the road. In *Tapia*, there was some evidence that the cow walked across a cattle guard. Thus it was unfair to infer the defendant's negligence from the lack of evidence in *Akin*; and in *Tapia*, a reasonable inference was that the defendant was *not* negligent. The logical inference in the instant case, on the contrary, is that the horse escaped through the owner's negligence. Since the facts indicate that Mr. Teague was negligent in the construction of his corral and in his use of the gate, and that this negligence was the cause of the accident, the trial court did not err in instructing the jury on the doctrine of *res ipsa loquitur.*

*Negligence per se.* We do not reach this issue, because Mr. Teague failed to preserve it for appeal. The specific vice in a challenged instruction must be pointed out to the trial court in order to preserve

the error for review. *Gonzales v. Allison & Haney, Inc.*, 71 N.M. 478, 379 P.2d 772 (1963); *McBee v. Atchison, T. & S. F. Ry.*, 80 N.M. 468, 457 P.2d 987 (Ct.App.1969). Unless the objection raised at trial to an instruction is the same as that raised in the brief on appeal, this court will not consider the objection. *Harrell v. City of Belen*, 93 N.M. 612, 603 P.2d 722 (Ct.App.), *rev'd on other grounds*, 93 N.M. 601, 603 P.2d 711 (1979). The defendant argued to the trial judge that the instruction on negligence *per se* was repetitious, and that there was no evidence to support part of the instruction. That part was then deleted. No argument was made at that time that the statutes cited do not give a standard for determining negligence and so cannot be used in an instruction on negligence *per se*. We will not now consider this argument.

■ Defendant contends that, as the error was fundamental error, we should review it even if he failed to make the proper objection below. In support of this, he cites *Vaughn v. Philadelphia Transportation Co.*, 417 Pa. 464, 209 A.2d 279 (1965). While *Vaughn* indicates that fundamental error may be found in the instructions given in a civil negligence case, this rule has not been adopted in New Mexico, and we decline to adopt it in this case.

*Excessive award.* The defendant gives a three pronged argument as to why the award of damages was excessive. First he argues that the full range of consequences was extraordinary and should not be attributable to the defendant. Secondly he argues that Mrs. Martinez' psychological disorder pre-dated the accident and that she failed to prove the extent of the aggravation for which he is liable. His third argument is that the evidence does not support an award of $250,000.00.

■ Defendant's first argument is based on § 435(2) of the Restatement (Second) of Torts (1965) which reads:

The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extra-ordinary that it should have brought about the harm.

This argument fails for two reasons. Section 435 does not limit liability, once it is determined to exist, but is used to determine whether there is any liability at all. Introductory note and Comments to § 435. Even if this section did apply, there is nothing "highly extraordinary" in incurring psychological problems as the result of an accident. Negligent conduct is that which a reasonably prudent person should recognize as involving an unreasonable risk of harm to another, regardless of whether the exact nature and extent of that harm is foreseeable. *See, Lujan v. Reed*, 78 N.M. 556, 434 P.2d 378 (1967); *see generally, Reif v. Morrison*, 44 N.M. 201, 100 P.2d 229 (1940).

There is almost universal agreement upon liability ... for quit unforseeable consequences, when they follow an impact upon the person of the plaintiff.... The defendant is held liable when his negligence operates upon a concealed physical condition, such as pregnancy, or a latent disease, or susceptibility to disease, to produce consequences which he could not reasonably anticipate. He is held liable for unusual results of personal injuries which are regarded as unforeseeable, such as tuberculosis, paralysis, pneumonia, heart or kidney disease, blood poisoning, cancer, or the loss of hair from fright.

Prosser, Law of Torts 260–261 (4th ed. 1971). We note that in order for an act to be the proximate cause of an injury, it need not be the sole cause, but merely a concurring cause. *Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973). There is substantial evidence that Mr. Teague's negligence was the proximate cause of Mrs. Martinez' psychological problems.

■ *Hebenstreit v. Atchison, T. & S. F. Ry.*, 65 N.M. 301, 366 P.2d 1057 (1959), which holds that when a person's negligence aggravates a pre-existing condition, his liability is limited by the extent of the aggravation, supports defendant's second argu-

**54**

ment. For the rule to become effective, however, it is necessary that there be a pre-existing condition which was aggravated by the injury. In reviewing the evidence, this court will indulge in all reasonable inferences in support of the verdict, and will disregard all inferences or evidence to the contrary. *Anaconda Co. v. Property Tax Dept.*, 94 N.M. 202, 608 P.2d 514 (Ct. App.1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980).

Dr. Trost testified that Mrs. Martinez' present psychological problems are attributable directly to her accident with Mr. Teague's horse. Dr. Hochman's testimony, viewed in the light most favorable to upholding the verdict, indicated that Mrs. Martinez had a pre-disposition for psychological disorders. He did not say that her present psychological condition with its attendant physical complaints existed before the collision with the horse. This testimony indicated a susceptibility to psychological disorders, but did not indicate that she was suffering from such disorders at the time of the accident. There is substantial evidence that the accident with Mr. Teague's horse was the proximate cause of Mrs. Martinez' current condition, rather than the cause which aggravated a pre-existing mental state.

The standard for determining whether an award is excessive was set out in *Sweitzer v. Sanchez*, 80 N.M. 408, 409, 456 P.2d 882, 883 (Ct.App.1969), which gives the rules as:

> (1) whether the evidence, viewed in the light most favorable to plaintiff, substantially supports the award and (2) whether there is an indication of passion, prejudice, partiality, sympathy, undue influence or a mistaken measure of damages on the part of the fact finder.

Damage awards are found to be excessive only in extreme cases. *Lujan*. Defendant invites us to compare *Gonzales v. General Motors Corp.*, 89 N.M. 474, 553 P.2d 1281 (Ct.App.1976), where we ordered remittitur, with the present case. We are warned by *Sweitzer*, however, that the comparison of awards is improper because the question of

prejudice must be determined from the evidence in each case. In *Gonzales*, we found evidence of prejudice and sympathy by the jury; here there is no such evidence. Nor is there evidence that the jury used the wrong measure of damages. Mrs. Martinez proved $80,000.00 in medical expenses, lost wages, and property damages. Beyond this, the jury was instructed to award damages for psychiatric injuries and for pain and suffering. If a plaintiff in a personal injury case is entitled to recover at all, he is entitled to damages for his injuries, for pain and suffering, and for mental injury arising from the accident. *Jones v. Pollock*, 72 N.M. 315, 383 P.2d 271 (1963). There was substantial evidence to support the jury award of $250,000.00.

*Cumulative error.* Not having discovered any errors at the trial, we find no cumulative error.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SUTIN, J., specially concurring.

HERNANDEZ, C. J. concurs.