This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LORETTA CHAVEZ ARMIJO,**

Plaintiff-Appellant,

v.                                                                                   **NO. 29,482**

**LOVELACE SANDIA HEALTH SYSTEM**
**and JOHN DOES I-V,**

Defendants-Appellees,

v.

**RAPID TEMPS, INC.,**

Third Party Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

Tibo J. Chavez, Jr.
Belen, NM

Branch Law Firm
Turner W. Branch

Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Valerie S. Reighard
Albuquerque, NM

for Appellee Lovelace Sandia Health System

Butt, Thornton & Baehr, P.C.
Emily A. Franke
W. Ann Maggiore

for Appellee Rapid Temps, Inc.

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Plaintiff appeals an adverse judgment entered after a jury trial. [RP 1001, 1035] Plaintiff alleged that her back was injured when she went to the Lovelace Emergency Room, and a nurse negligently released the lower part of the examining table, causing Plaintiff to hyperextend and injure her back. [RP 2-3] Our notice proposed to affirm. Plaintiff has filed a motion to amend the docketing statement and memorandum in opposition. Defendant Rapid Temps, Inc., has filed a memorandum in support. We deem it unnecessary to rule on the motion to amend because it simply provides

information about the trial evidence. We have considered the arguments in Plaintiff's memorandum but are not persuaded the analysis in our notice is incorrect. Accordingly, we affirm.

**DISCUSSION**

**A.    Partial Summary Judgment**

Plaintiff first contends the district court erred in granting summary judgment on her medical malpractice theory, leaving her to try only a claim of ordinary negligence. [DS 6] We hold that Plaintiff has not demonstrated any error. The sole factual theory in Plaintiff's complaint was that the emergency room nurse, Ms. Wester, negligently released the lower half of an examining table, causing Plaintiff's lower body to fall, which hyperextended and injured her back. [RP 2-3] One of Plaintiff's theories of liability was ordinary negligence. [RP 5, ¶ 27] The court allowed that theory to be presented to the jury, and we presume Plaintiff was allowed to fully make her argument to the jury that the nurse was negligent. After hearing all of the evidence, the jury rejected Plaintiff's claim.

A review of the record indicates that Plaintiff weighed 445 pounds, [RP 732; MIO 5] and the jury may have found that it was her weight, not any negligence by the nurse, that caused the lower part of the table to give way. The record also suggests

that Plaintiff had many pre-existing health problems, and the jury may have determined that Plaintiff's attempt to blame the incident on the incident in emergency room was not credible. The jury may have accepted a combination of these reasons.

Against this backdrop, we hold that Plaintiff has not demonstrated error. Plaintiff's theory was that the nurse was liable for causing the table to fall. Plaintiff never amended her complaint and never pleaded any additional theories. In her memorandum, Plaintiff suggests that another theory of liability existed—that the examining table was "malfunctioning and dangerously unstable" and that it was "wobbly." [MIO 3, 4] However, that theory was not pleaded in the complaint [RP 2-3], and Plaintiff has not cited anywhere in the record where this theory was pleaded. [MIO 1-9]

By being allowed to consider ordinary negligence, the jury was able to address Plaintiff's core claim that the nurse negligently caused the lower part of the table to fall. Under the facts in this case, where the sole claim involves the alleged failure to properly operate a mechanical device—a table—any distinction between ordinary negligence and "medical" negligence is not significant. In fact, Plaintiff's own arguments below suggested that the issue was one of ordinary negligence that required no specialized knowledge or expert testimony. [RP 3-5] Plaintiff argued that the jury

4

did not need to have expert testimony because "Defendants' negligence is the sort that is recognized by a layperson using their common experience or knowledge, as in any negligence case." [RP 599] Plaintiff also characterized this case as a "common negligence case." [RP 599] That argument recognizes that Plaintiff's essential claim of negligence presented a straightforward negligence theory. The jury was allowed to consider that theory.

We fail to see, and Plaintiff has not explained, how being able to advance an additional theory of medical negligence, i.e., medical malpractice, would have made a difference. "On appeal, error will not be corrected if it will not change the result." *In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992). We are not persuaded that overlaying an additional malpractice theory would have made any difference. If anything, it would have made Plaintiff's burden of proof greater because malpractice carries with it additional evidentiary burdens and is ordinarily harder to prove than ordinary negligence. For these reasons, we hold that Plaintiff was adequately allowed to present her case and that she was not prejudiced by the court's decision to remove medical malpractice from the case.

**B.    Evidence**

Plaintiff next contends that the district court erred in precluding evidence that

she received a morphine overdose while in the hospital. [DS 7] The admission or exclusion of evidence is reviewed for abuse of discretion. *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

We are not persuaded that this evidence was relevant. Plaintiff did not plead morphine overdose as a theory of medical malpractice or negligence in her complaint. Instead, she limited her theory to the fact that the table partially gave way. Since the morphine overdose was not pleaded as a basis for liability, evidence about it appears to be irrelevant. *See* Rule 11-402 NMRA (stating that irrelevant evidence is inadmissible). It appears Plaintiff sought to introduce evidence of the alleged morphine overdose for the sole purpose of placing other acts of alleged misconduct before the jury. Plaintiff has offered no authority for the proposition that evidence of other asserted malpractice, not pleaded, would be admissible to prove any fact in issue. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

The evidence appears to be irrelevant for other reasons. There is a suggestion in the record that the evidence of morphine overdose was to be used to support Plaintiff's claim for punitive damages. [RP 761] However, once the punitive damage claim was removed from the trial, subsequent acts of the hospital were irrelevant. Also, it appears that any claim regarding a morphine overdose would be a medical malpractice claim, not an ordinary negligence claim. Once the court limited the trial to ordinary negligence, evidence about the morphine overdose would not relate to any theory in the case. We have reviewed Plaintiff's memorandum in opposition, and it does not contain any compelling theory for the admission of this evidence. It simply states a conclusion that the court erred in prohibiting evidence of the morphine overdose. [MIO 3] It also suggests that the evidence would have established that the hospital breached the standard of care. [MIO 7]

If Plaintiff wanted to amend her complaint to add the alleged morphine overdose as a theory, she had that option, but she never did. Consequently, we conclude that the district court did not abuse its discretion in excluding evidence about the alleged overdose. That evidence was not tied to any theory pleaded, is irrelevant, and also appears more prejudicial than probative. *See* Rule 11-402; Rule 11-403 NMRA (excluding evidence that is more prejudicial than probative). Additionally,

it might have confused the jury and would have introduced a false issue. *See Ohlson v. Kent Nowlin Constr. Co.*, 99 N.M. 539, 543, 660 P.2d 1021, 1025 (Ct. App. 1983) (holding that evidence that would have confused the jury was inadmissible under Rules 11-401 NMRA, 11-402, and 11 403); *Archibeque v. Homrich,* 88 N.M. 527, 531, 543 P.2d 820, 824 (1975) (stating that the interjection of a false issue is improper).

In her docketing statement, Plaintiff argued that it was relevant under a successive tortfeasor analysis. [DS 10] Our notice proposed to hold that this argument was not preserved because it was not made below. In her memorandum, Plaintiff makes no further mention of her argument, so we need not consider it further. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (holding that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of the issue). As a result, on the arguments apparently before this Court, we find no abuse of discretion in excluding evidence about an alleged morphine overdose.

**C.    Exclusion of Testimony**

Plaintiff argues that the district court erred in excluding the testimony of her "treating physicians as to the causation of her injuries." [DS 7] In her docketing

statement Plaintiff listed these treating physicians as Dr. David Schneider and Sabrina Johnson, P.A. [DS 3]  In her memorandum, however, she limits this claim to Sabrina Johnson [MIO 5], so we do not consider any claim related to Dr. Schneider.  *See Johnson*, 107 N.M. at 358, 758 P.2d at 308.  We review the district court's ruling for an abuse of discretion.  *See Coates*, 1999-NMSC-013, ¶ 36.

Our notice explained our concern that Plaintiff had not given us any information about this claim. [CN 8]  We were not told, for example, whether any witnesses testified for Plaintiff on the issue of causality.  In our notice, we mentioned that if one or more witnesses did testify about causality, it would impact our analysis of this issue. [Id.]  Our notice expressed the tentative conclusion that Dr. Roland Sanchez might have been allowed to testify about causation [CN 8; DS 3] but that we could not tell from the docketing statement whether this was true.  Additionally, our notice commented that Plaintiff did not explain the reasons given by the court for its ruling. Accordingly, we proposed to hold that Plaintiff did not provide sufficient information to evaluate this claim and to presume the court's ruling was correct. [CN 8]  *See Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) (stating that the defendant has the burden of providing "a record sufficient for review," and "[u]pon a doubtful or deficient record, every presumption is indulged in favor of the

9

correctness and regularity of the [district] court's decision"). We specifically asked Plaintiff to inform us in any memorandum in opposition of the basis for the court's ruling, and also to provide us with information about what testimony on causation she did present.

Despite our notice's clear indication that we needed more information, Plaintiff's memorandum failed to address these concerns, and we still are not given the reasons for the district court's ruling. [MIO 5] The court allowed Ms. Johnson to testify about her diagnosis and treatment of Plaintiff, [MIO 5] which we agree would be relevant. However, Plaintiff's failure to explain the court's reason for prohibiting Ms. Johnson from giving an expert opinion about the cause does not meet Plaintiff's burden to point out error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Additionally, because it appears that at least one witness, Dr. Sanchez, was allowed to testify as an expert on the issue of causation, it appears that Ms. Johnson's additional testimony would have been cumulative. We conclude that Plaintiff has not demonstrated error, much less reversible error, and has not shown an abuse of discretion.

10

**D.    Instructions**

Plaintiff argues that the district court erred because the special verdict form allowed the jury to consider only Ms. Wester's negligence. [DS 7] The form requested by Plaintiff allowed the jury to find liability if Defendants failed to keep Plaintiff "safe from injury in the emergency room." [RP 991] In contrast, the instruction given by the court allowed the jury to find liability if the nurse "failed to exercise ordinary care." [RP 877]

We review this claim de novo. *See McNeill v. Burlington Res. Oil & Gas Co.*, 2007-NMCA-024, ¶ 19, 141 N.M. 212, 153 P.3d 46 (filed 2006) (stating that a claim of instruction error is reviewed de novo). Jury instructions are to be read as a whole, and when they fairly present the issues and the applicable law in light of the evidence presented at trial, they are sufficient. *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 16, 125 N.M. 748, 965 P.2d 332. "It is not error to deny requested instructions when the instructions given adequately cover the law to be applied." *Kirk Co. v. Ashcraft*, 101 N.M. 462, 466, 684 P.2d 1127, 1131 (1984). Instructions should be based on the theories that are pleaded and supported by the evidence. *See Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 449, 589 P.2d 1037, 1040 (1979) (stating that "each party is entitled to an instruction on his theory of the case if he has pled it and there

11

is evidence" to support the theory).  Instructions on theories that have not been pleaded and are not supported by the evidence should not be given.  *See Perfetti v. McGhan Med.*, 99 N.M. 645, 655, 662 P.2d 646, 656 (Ct. App. 1983).

It appears to us, and we hold, that the instruction given was narrowly tailored to address the precise theory pleaded and presented by Plaintiff.  It allowed the jury to do exactly what Plaintiff asked the jury to do:  to find that the nurse was negligent in causing the lower part of the table to fall.  In contrast, Plaintiff's instruction, allowing the jury to find liability if Defendants failed to keep Plaintiff "safe from injury in the emergency room," was not narrowly tailored.  Instead, it is broad and appears to invite the jury to find guilt from the sole fact that an injury occurred.  That is not a correct statement of law.  *See Anaya v. Tarradie*, 70 N.M. 8, 9, 369 P.2d 41, 42 (1962) (stating that the mere happening of the accident did not  show negligence); [RP 883 (instructing that the mere happening of an accident is not evidence of negligence)].

The instruction that was given adequately presented Plaintiff's theory.  Plaintiff's requested special verdict form was incorrect and not properly tailored to the theory pleaded by Plaintiff.  As such, Plaintiff has not demonstrated any error.

For all of these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**