This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-36222

**MARY ESCOBAR JURY,**

Plaintiff-Appellant,

v.

**FARMERS INSURANCE EXCHANGE, a foreign corporation, MID-CENTURY INSURANCE COMPANY, CHRISTOPHER TURPEN, and THE CHRISTOPHER S. TURPEN INSURANCE AGENCY, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Kerry Kiernan, P.C.
Kerry Kiernan
Albuquerque, NM

McGinn, Carpenter, Montoya & Love, P.A.
Randi McGinn
Katie Curry
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
Daniel J. O'Brien
Erica R. Neff
Albuquerque, NM

for Appellees Farmers Insurance Exchange and Mid-Century Insurance Company

Lewis, Brisbois, Bisgaard & Smith, LLP
Gregory L. Biehler
Jill M. Collins
Albuquerque, NM

for Appellees Christopher Turpen and The Christopher S. Turpen Insurance Agency, Inc.

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**      Plaintiff Mary Escobar Jury appeals from a jury verdict and judgment entered against her and in favor of Defendants Farmers Insurance Exchange and Mid-Century Insurance Company (the Farmers Defendants) and Defendants Christopher Turpen and the Christopher S. Turpen Insurance Agency (the Turpen Defendants) (collectively, Defendants). Plaintiff argues that (1) we should reverse the judgment and remand for a new trial because the district court abused its discretion by bifurcating the trial and by ruling against Plaintiff on certain evidentiary issues, and (2) if we do not conclude that any error warrants a new trial, we should reverse the district court's award of certain costs to the Farmers Defendants because that award was based on an abuse of the district court's discretion. Unpersuaded, we affirm.

## BACKGROUND

**{2}**      Plaintiff was seriously injured in an accident with an automobile while riding her bicycle westward across the intersection of San Mateo Boulevard and Indian School Road in Albuquerque, New Mexico in September 2010. Defendant Mid-Century Insurance Company denied Plaintiff's claim for underinsured motorist (UIM) benefits under her business's commercial auto insurance policy on the ground that Plaintiff was not entitled to benefits under the language of the policy because she had not been " 'occupying' a 'covered auto' " at the time of the accident. Plaintiff then brought suit, asserting claims for breach of contract and insurance bad faith against the Farmers Defendants, claims for negligence and violations of the Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019), against the Turpen Defendants, and claims for violations of the New Mexico Unfair Insurance Practices Act, NMSA 1978, § 59A-16-20 (1997), against all Defendants.

**{3}**      After the Farmers Defendants raised Plaintiff's lack of a legal entitlement to recover damages from the driver of the automobile as a defense, *see generally* NMSA 1978, § 66-5-301(A) (1983) (providing, in relevant part, that UIM coverage is "coverage . . . for the protection of persons . . . who are legally entitled to recover damages" from uninsured and underinsured motorists), the Turpen and Farmers Defendants separately moved to bifurcate trial on that issue—i.e. the driver's negligence—from trial on the other issues raised by Plaintiff's claims. Defendants argued that bifurcation would (1) further the expeditious and economical resolution of Plaintiff's case because a jury

finding that the driver was not at fault would dispose of all of Plaintiff's claims; (2) avoid jury confusion by separating the presentation of evidence relevant to the driver's negligence from the presentation of evidence relevant to the other issues raised by Plaintiff's claims; and (3) avoid prejudice to Defendants by preventing the introduction of evidence inadmissible under Rules 11-403 and 11-411 NMRA to prove negligence during trial on that issue. After full briefing and a hearing, the district court granted Defendants' motions, finding that "bifurcation [would] avoid jury confusion and undue prejudice to Defendants."

**{4}** A jury found in Defendants' favor in the bifurcated negligence trial, and the district court entered judgment against Plaintiff on all of her claims. The district court then awarded certain costs to the Farmers Defendants over Plaintiff's objection. This appeal followed.

## DISCUSSION

### I. The District Court Did Not Commit Reversible Error in Bifurcating Trial on the Issue of Plaintiff's Legal Entitlement to Recover Damages From the Allegedly Underinsured Driver

**{5}** Plaintiff's primary contention on appeal is that the district court erred in bifurcating trial on the issue of negligence pursuant to Rule 1-042(B) NMRA. The Rule provides that a district court, "in furtherance of convenience or to avoid prejudice, or when . . . conducive to expedition and economy, may order a separate trial . . . of any separate issue or . . . issues, always preserving the right of trial by jury given to any party as a constitutional right." *Id.* "[T]he decision whether to bifurcate a trial ordinarily rests in the sound discretion of the trial court and will not be overturned [on appeal] absent an abuse of that discretion." *Martinez v. Reid*, 2002-NMSC-015, ¶ 27, 132 N.M. 237, 46 P.3d 1237. "We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). "[An] abuse of discretion will not be presumed; it must be affirmatively established." *State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491 (internal quotation marks and citation omitted). Plaintiff has not affirmatively established that the district court abused its discretion in this case.

**{6}** The legal basis for Plaintiff's challenge to the bifurcation order is quite narrow. Plaintiff does not squarely challenge the essence of the district court's rationale—its determination that "bifurcation will avoid jury confusion and undue prejudice to Defendants."[1] Nor does Plaintiff directly challenge the Farmers Defendants' argument

---

[1] Plaintiff asserts that the district court erred "[i]nsofar as [it] relied upon . . . Rule 11-411" as a basis for ordering bifurcation. But the bifurcation order makes no mention of Rule 11-411, and Plaintiff fails to address any of the other arguments raised by Defendants that the district court could have relied on in finding that bifurcation avoided prejudice and confusion. Plaintiff's argument on this point consequently provides us with no basis for concluding that the district court abused its discretion.

that bifurcation furthered the interests of efficiency, convenience, and economy.[2] And Plaintiff does not challenge the manner in which the district court exercised its discretion to *weigh* the Rule 1-042(B) considerations: prejudice, efficiency, convenience, and economy. Instead, Plaintiff argues that bifurcation produced a "charade" of a trial that violated her right under the due process and jury trial guarantees of the New Mexico Constitution to inform the jury of "the identity of the defendant being sued, the claims being brought against that defendant, the identity of the entity that will be responsible for paying damages, the contractual relationship and obligations between the defendant and the plaintiff, and the inconsistent positions taken by the defendant."[3]

**{7}** Plaintiff's claim that she has a constitutional right to a non-bifurcated trial is not tethered to the authorities on which she relies. Plaintiff does not cite a single case so much as suggesting that the New Mexico Constitution protects such a right, let alone that this right bars our district courts from holding a separate trial on an issue whenever bifurcation prevents a plaintiff from presenting to the jury the broad array of information Plaintiff asserts she had a constitutional right to present. In fact, none of the cases Plaintiff cites even interpret the pertinent provisions of our state constitution, comparable provisions of other states' constitutions, or any provision of the federal constitution. Because Plaintiff has not cited any authorities interpreting or applying constitutional jury trial or due process provisions in a manner that supports Plaintiff's argument, we assume no such authorities exist. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel.").

**{8}** Plaintiff relies on three out-of-state cases that did not even address the propriety of bifurcation. *See Lamz v. Geico Gen. Ins. Co.*, 803 So. 2d 593, 594, 596 (Fla. 2001) (holding that it had been reversible error for the trial court to refuse to "refer[] to [the defendant UIM carrier] as the plaintiffs' 'underinsured motorist carrier[,]'" rather than as "the plaintiffs' automotive insurance carrier," when identifying the parties to the jury during voir dire in a trial on the underinsured driver's negligence); *Earle v. Cobb*, 156 S.W.3d 257, 259 (Ky. 2004) (holding that the trial court had committed reversible error by ruling "that the existence of the UIM coverage provided by [the defendant insurer] could not be revealed to the jury" where, as a result of that ruling, the insurer "was not

---

2Plaintiff does make the conclusory assertion that bifurcation was improper because the issues in the bifurcated phases of trial were "linked"—i.e. that bifurcation would not have served the purposes for which it is permitted under Rule 1-042 because of a significant overlap in the evidence to be presented in the bifurcated phases of trial. Plaintiff identifies a single evidentiary link connecting the issues to be tried: "Farmers' . . . contradictory positions on liability," which Plaintiff asserts would have served as evidence of Farmers' bad faith in the second phase of trial and "as impeachment evidence against Farmers as to liability." Plaintiff does not explain how the overlap in the evidence admissible in each trial was so great as to make the district court's decision to bifurcate an abuse of discretion, and we therefore conclude that this argument is inadequately developed. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

3Although the point is not necessary to our analysis, and without implying that disclosure was required, we reject Plaintiff's assertion that the identity of the Farmers Defendants was somehow concealed at trial. As Defendants note, the record demonstrates that the district court repeatedly informed the jury that Farmers was a party, including during voir dire and in multiple jury instructions.

identified [as a party] and the case was presented as if the only parties were the plaintiff . . . and the [driver]" during a bifurcated trial on the issue of negligence); *King v. State Farm Mut. Auto. Ins. Co.*, 850 A.2d 428, 438 (Md. Ct. Spec. App. 2004) (holding that the trial court had erred in granting the defendant UIM carrier's motion to prevent its identification as the sole party defendant during trial on the issue of damages caused by an underinsured motorist). Assuming for the sake of argument that these cases are pertinent to the bifurcation question before us, we find in them no basis for reaching the constitutional holding Plaintiff seeks. The Supreme Court of Kentucky based its holding in *Earle* on the court's interpretation, informed by public policy, of Kentucky's equivalent to Rule 1-017 NMRA. *Earle*, 156 S.W.3d at 259-62. Similarly, the Maryland Court of Special Appeals in *King*, analogizing to First Amendment principles courts have applied where a party seeks to litigate anonymously, based its holding on an interpretation of the Maryland equivalent to Rule 1-010 NMRA. *See King*, 850 A.2d at 432-35. The holding in *Lamz* was based on the Supreme Court of Florida's application of a public policy requiring that juries "be made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trial." 803 So. 2d at 595.

**{9}**    Nowhere in Plaintiff's briefs does she explain why we should take the extraordinary step of importing the rule- and policy-based holdings applicable in these jurisdictions into New Mexico's due process and jury trial right jurisprudence and hold, as a matter of constitutional law, that the prejudice Plaintiff claims she suffered should trump the other Rule 1-042(B) considerations, which Plaintiff has not challenged. The only basis Plaintiff has provided for reaching the constitutional holding she seeks are bare citations to the pertinent state constitutional provisions and her own assertions that those provisions protect the right invoked. Plaintiff's arguments do not persuade us that the New Mexico Constitution barred the district court from exercising its discretion to bifurcate the trial in Plaintiff's case.[4]

## II.    No Reversible Error Resulted From the District Court's Evidentiary Rulings

**{10}**    Plaintiff argues in the alternative that the district court committed reversible error through its evidentiary rulings in the bifurcated negligence trial.[5] When preserved, "[w]e

---

4Plaintiff also cursorily argues that the policy underlying the "mend the hold" doctrine should have precluded Defendants from obtaining a bifurcated trial on an issue that they did not raise as a basis for denying Plaintiff's claim prior to the commencement of litigation. Defendants counter that Plaintiff failed to preserve this issue for review because she raised it for the first time in her motion for a new trial. Plaintiff does not argue otherwise in her reply. Nor does she assert that any exceptions to the preservation requirements of Rule 12-321 NMRA apply here. We therefore agree with Defendants and decline to review this issue. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("Generally, a motion for a new trial cannot be used to preserve issues not otherwise raised during the proceedings.").

5Because the district court made its evidentiary rulings in the context of the bifurcated negligence trial, Plaintiff frames her arguments as further attacks on the bifurcation order. All of Plaintiff's arguments, however, are based on her contention that the district court erroneously deprived Plaintiff of the opportunity to present evidence—through impeachment of witnesses or otherwise—pertinent *to the issue of negligence*. Those arguments ultimately boil down to the claim that it was error for the district court to hold a bifurcated trial on negligence because the district court erroneously limited the presentation of admissible evidence on that issue—in other words, that holding a separate trial on negligence was improper because the district court's evidentiary rulings

review [claimed errors in] a district court's decision to admit or exclude evidence for abuse of discretion." *Los Alamos Nat'l Bank v. Velasquez*, 2019-NMCA-040, ¶ 12, 446 P.3d 1220 (internal quotation marks and citation omitted), *cert. denied*, 2019-NMCERT-____ (No. S-1-SC-37688, Aug. 5, 2019). "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *State v. Branch*, 2018-NMCA-031, ¶ 36, 417 P.3d 1141 (internal quotation marks and citation omitted).

**{11}** Even if an abuse of discretion is shown, "[e]very error does not warrant reversal, and we will not reverse absent a showing of prejudice." *El Paso Elec. Co. v. Real Estate Mart, Inc.*, 1982-NMCA-117, ¶ 31, 98 N.M. 570, 651 P.2d 105; *see also Progressive Cas. Ins. Co. v. Vigil*, 2018-NMSC-014, ¶ 24, 413 P.3d 850 (stating, parenthetically, that "to obtain a reversal on evidentiary grounds the appellant must show a high probability that the improper evidentiary ruling may have influenced the factfinder" (alteration, internal quotation marks, and citation omitted)), *reh'g granted*, (No. S-1-SC-35130, March 6, 2018). "We compel the reversal of errors for which the complaining party provides the slightest evidence of prejudice and resolve all doubt in favor of the complaining party." *Valerio v. San Mateo Enters.*, 2017-NMCA-059, ¶ 16, 400 P.3d 275 (internal quotation marks and citation omitted). However, "we will not set aside a judgment based on mere speculation that the error influenced the outcome of the case." *Id.* (alteration, internal quotation marks, and citation omitted).

## A.    Evidence of Mid-Century Insurance's Subrogation Claim File

**{12}** Plaintiff first contends that the district court committed reversible error by excluding evidence showing that Defendant Farmers had previously taken the position that the driver was negligent and made a subrogation claim against the driver's liability insurer. Prior to trial, the Farmers Defendants moved to exclude "any and all references, indications, testimony, evidence, and suggestions that Mid-Century Insurance Company opened a subrogation claim file" after paying a portion of the medical expenses Plaintiff had incurred as a result of the accident. In particular, the Farmers Defendants sought to exclude a letter, sent approximately a year after the accident by a medical subrogation representative for Defendant Mid-Century Insurance Company to the driver's liability insurer, which stated:

> Our investigation shows that your insured is responsible for our insured's bodily injuries sustained as a result of this accident. Mid-Century Insurance Company has paid $5,000.00 to date in [medical] benefits on behalf of our insured. We are entitled to reimbursement of these expenses and request that you acknowledge our subrogation interest on any settlement negotiated with our insured or their attorney. . . . Please submit payment promptly.

differed from those it was required to make in a separate trial on negligence. Properly understood, Plaintiff's evidentiary arguments are not really attacks on the bifurcation order at all, and we decline to treat them as though they are.

The district court granted the motion over Plaintiff's objection. On appeal, Plaintiff argues that the district court's ruling was reversible error (1) because it barred her from using the subrogation letter to cross-examine witnesses in the negligence trial and (2) because it prevented her from impeaching Farmers with its previous positon that the driver had been at fault for the accident. We disagree.

**{13}** First, Plaintiff has inadequately developed her argument that she should have been able to use the subrogation evidence to "cross[-]examine Farmers' expert or another Farmers[] witness." Although she cites three authorities relevant to witness impeachment—*Mac Tyres, Inc. v. Vigil*, 1979-NMSC-010, 92 N.M. 446, 589 P.2d 1037, and Rules 11-607 and 11-613 NMRA—Plaintiff fails to explain how the subrogation evidence would have discredited the expert or any other witness at trial. We accordingly decline to address this argument on the merits. *See Elane Photography*, 2013-NMSC-040, ¶ 70.

**{14}** Second, we find it unnecessary to address whether the district court erred in prohibiting Plaintiff from using the letter and related subrogation evidence to impeach the Farmers Defendants because any error was harmless. The issue at trial was whether Plaintiff was legally entitled to recover damages from the driver as a result of the driver's negligence. Defendants presented substantial evidence that the driver was not at fault for the accident, including testimony by the driver (who, the jury was informed, was not a party to the case), testimony by the only nonparty eyewitness to the accident to testify at trial, and testimony by an accident reconstructionist qualified as an expert witness.

**{15}** In light of this evidence, we fail to see how Plaintiff's inability to prove that the Farmers Defendants had previously taken a different position regarding the driver's negligence would have had any influence on the outcome below. On its face, the subrogation letter contains nothing more than a demand for payment based on the findings of an after-the-fact investigation, conducted through an unspecified methodology, into liability for the accident. We decline to engage in the speculation required to conclude that the letter would have had any impact on the jury and hold that Plaintiff has failed to meet her burden of demonstrating that the district court's ruling resulted in prejudice.

**{16}** Plaintiff contends that *Selgado v. Commercial Warehouse Co.*, 1974-NMCA-093, 86 N.M. 633, 526 P.2d 430, required the district court to permit her to impeach the Farmers Defendants with their prior statements. We disagree. In *Selgado*, the plaintiff was injured when she lost control of her automobile after running over the lid of a box that had fallen off a truck. *Id.* ¶ 1. The plaintiff had been in another accident over a year after the accident at issue, and she sought as part of her claim to recover damages for medical expenses incurred after the later accident. *Id.* ¶ 12. At trial, the defendants tendered evidence showing that the plaintiff had filed a proof of loss and received payment for certain medical expenses incurred after the later accident under an insurance policy that had not been in effect at the time of the earlier accident. *Id.* ¶ 13.

The trial court excluded this evidence, and, on appeal, this Court, in an alternative holding, reversed and remanded for a new trial on damages. *Id.* ¶¶ 11, 14.

**{17}** The evidence excluded in this case is not comparable to the evidence erroneously excluded in *Selgado*. The tender rejected there was singularly capable of discrediting the plaintiff's claim that the earlier accident had caused the injuries and medical expenses for which she sought damages; after all, the plaintiff was in a unique position when it came to knowing the timing of her own injuries. Here, in contrast, the excluded subrogation evidence demonstrated only that the Farmers Defendants—who were not involved in or eyewitnesses to Plaintiff's accident—had at one point in time believed, on the basis of unknown information, that the driver was at fault. We conclude that Plaintiff has failed to meet her burden of demonstrating that she was prejudiced by her inability to impeach the Farmers Defendants with the subrogation evidence.

## B.      Evidence of Plaintiff's Settlement with the Driver's Insurer

**{18}** Plaintiff next contends the district court erred by barring her from impeaching the driver with evidence that she had not objected to the policy-limit payment her insurer had made in response to Plaintiff's claim. We agree with Defendants that Plaintiff failed to preserve this claim of error.

**{19}** At trial, Plaintiff's counsel drew an objection from defense counsel by asking the driver whether, even though she was unaware of the medical problems Plaintiff had suffered in the years since the collision, she "would . . . like to see [Plaintiff] fully paid back to fix [those] problems." During the ensuing bench conference, Plaintiff's counsel apparently indicated that she wanted to ask the driver whether she was aware that she would not be liable for paying any verdict the jury returned. The district court ordered her to refrain from doing so, but, over defense counsel's objection, permitted her to ask whether the driver was a party to the case. After the driver testified that she understood that she was not a party, Plaintiff's counsel asked her whether she had ever "accepted any responsibility for causing [the] collision" with Plaintiff." The driver answered "[n]o."

**{20}** Plaintiff now asserts that, in light of this testimony, she should have been permitted to impeach the driver with evidence that the driver's insurance company had reached a settlement with Plaintiff and that the driver had not objected to this settlement. But nowhere in her argument on this issue does Plaintiff point to anything in the record showing that she invoked a ruling by the district court on the settlement's admissibility as impeachment evidence. Plaintiff has not argued that exclusion of the settlement evidence falls within the plain error exception to the preservation requirement. *See Living Cross Ambulance Serv., Inc. v. N.M. Pub. Regulation Comm'n*, 2014-NMSC-036, ¶ 11, 338 P.3d 1258 ("If an evidentiary issue is not properly preserved, this Court may review for plain error."). We therefore decline to review this issue. *See* Rule 12-321(A).

## C.      Impeachment of Defendants' Accident Reconstructionist

**{21}** Plaintiff's final evidentiary contention is that reversible error occurred when the district court barred Plaintiff from impeaching Defendants' expert accident reconstructionist with evidence that he had worked as an expert witness for Defendant Farmers in previous litigation and had "a strong connection with the insurance industry." We disagree, finding it unnecessary to address the propriety of the district court's ruling because any error was harmless.

**{22}** In a bench conference during her cross-examination of the expert, Plaintiff's counsel asked the court for permission to explore the fact that Defendant Farmers was an insurance company in order to impeach the expert with evidence that he had worked for Defendant Farmers in other cases, had connections to the insurance industry, and had received contributions from Defendant Farmers. The district court allowed Plaintiff's counsel to "question [the expert] about his bias" and ruled that questions about "working . . . on the side of the defense" or "[defense counsel's] client" were acceptable. However, the court would not permit questions about "specific insurance companies" and barred Plaintiff's counsel from "mention[ing] the word 'insurance' at all." Once cross-examination resumed, Plaintiff's counsel elicited testimony indicating that "probably close" to seventy percent of the expert's work as an accident reconstructionist was for defendants, rather than plaintiffs; that he had previously worked on cases for Defendants; that he had previously been hired by Defendant Farmers' attorney; that he had been paid for his work in other cases and was being paid for his work on this case; and that he hoped to be hired in future cases.

**{23}** In light of the extensive inquiry into bias that Plaintiff was able to conduct at trial, we conclude that the district court's ruling did not result in prejudice to Plaintiff. We do not agree that Plaintiff's cross-examination would have been any more effective in exposing the expert's potential bias had she been able to alert the jury to the expert's previous work for companies involved in, specifically, the *insurance* industry. Thus, even assuming that the district court erred in prohibiting Plaintiff's counsel from using the word "insurance" or referring to specific insurance companies, Plaintiff has failed to meet her burden of demonstrating that this restriction resulted in prejudice.

### III. Plaintiff Has Not Demonstrated That the District Court Abused Its Discretion in Awarding Costs to Defendant Farmers

**{24}** Plaintiff's final claim of error is that, even if we do not reverse on the merits, we should nonetheless reverse certain costs awarded to the Farmers Defendants by the district court. As relevant, Rule 1-054(D)(1) NMRA provides that "costs . . . shall be allowed to the prevailing party unless the court otherwise directs[.]" We review a district court's award of costs under an abuse of discretion standard. *Gallegos ex rel. Gallegos v. Sw. Cmty. Health Servs.*, 1994-NMCA-037, ¶ 27, 117 N.M. 481, 872 P.2d 899 ("The assessment of costs in a civil action is a matter committed to the sound discretion of the trial court, and the trial court's determination will be reversed only for an abuse of discretion."). Plaintiff contends that the district court abused its discretion, first, by awarding Defendants costs relating to the untried phase of trial and, second, by awarding costs for fees charged by Defendant Farmers' expert accident

reconstructionist that were not disclosed to Plaintiff prior to or during trial. We are unpersuaded.

**{25}** Plaintiff's first argument is that the district court's cost award was "fundamentally unfair" because she "never had the opportunity to try the case for which the costs are sought" and the Farmers Defendants "should not in fairness and equity have received the benefit of bifurcation and the added benefit of recovering costs for a case which it argued should not be tried." Plaintiff cites no authority supporting the proposition that a district court may not award costs relating to the untried portion of a bifurcated proceeding where a jury verdict on a separately tried issue renders trial on the remainder of the case unnecessary. Nor does she explain how it was inequitable to award these costs in light of the district court's determination they were "reasonably necessary to the litigation of the whole case, regardless of the fact that only the car accident portion of the case was tried."[6]

**{26}** Instead, citing *Marchman v. NCNB Texas National Bank*, 1995-NMSC-041, ¶ 66, 120 N.M. 74, 898 P.2d 709, Plaintiff asserts that "the merits of [her] insurance claims ha[ve] not been adjudicated" and that Defendant Farmers therefore is not the "prevailing party" as to those claims within the meaning of Rule 1-054(D)(1). We disagree. As we view the record, the jury's finding that the driver was not negligent—i.e. that Plaintiff had no substantive legal entitlement to recover damages from the driver—was dispositive of the merits of all of Plaintiff's claims remaining at the time of trial. *See Bd. of Cty. Comm'rs v. City of Las Vegas*, 1980-NMSC-137, ¶ 7, 95 N.M. 387, 622 P.2d 695 (explaining that a decision "on the[] merits" is one based "on a consideration of [a case's] substance and the legal rights involved" rather than on "mere defects of procedure or the technicalities thereof" (internal quotation marks and citation omitted)). The district court entered judgment in favor of Defendants on all of those claims, and Plaintiff does not contend on appeal that any of her claims survived the jury's verdict. We accordingly conclude that Plaintiff has failed to demonstrate that the district court abused its discretion in awarding costs relating to the untried portion of Plaintiff's case.

**{27}** We likewise find unpersuasive Plaintiff's argument that it was an abuse of discretion for the district court to award costs for portions of the expert witness fee charged by the Farmers Defendants' accident reconstructionist not disclosed prior to trial. Plaintiff cites no authority supporting the proposition that a party's failure to provide an opposing party with an updated calculation of its expert's fees ahead of trial automatically precludes an award of costs for any fees not so disclosed, and we assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. The accident reconstructionist qualified as an expert and testified at trial, and the district

---

[6]The district court awarded expert witness fees for a number of witnesses, all of whom appear to have testified by deposition. Plaintiff cites *Jimenez v. Foundation Reserve Insurance Co*., 1988-NMSC-052, ¶ 20, 107 N.M. 322, 757 P.2d 792, for the proposition that "a party is not entitled to recover costs for experts who did not testify at trial." The quoted portion of the opinion states that "there are two hurdles the prevailing party must overcome before costs beyond per diem will be allowed for a[n expert] witness[: f]irst, the witness must qualify as an expert and, second, the expert must testify either at trial *or by deposition*." *Id*. ¶ 20 (emphasis added). We accordingly find Plaintiff's reliance on *Jimenez* misplaced and decline to separately address the district court's award of expert fees.

court found that his testimony was reasonably necessary to the litigation. *See generally* NMSA 1978, § 38-6-4(B) (1983) (providing that a district court may award expert witness fees, limited to one expert regarding liability and one regarding damages, "for any witness who qualifies as an expert and who testifies in the cause in person or by deposition" and additional expert witness fees upon finding "that additional expert testimony was reasonably necessary to the prevailing party and . . . not cumulative"); Rule 1-054(D)(2)(g) (providing that the prevailing party may generally recover "expert witness fees for services as provided by Section 38-6-4(B) . . . or when the court determines that the expert witness was reasonably necessary to the litigation"). On the record before us, we cannot say that the district court abused its discretion.

**CONCLUSION**

**{28}**   We affirm.

**{29}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**